316 So.2d 642 (1975)
Lawrence A. GABOURY and Florence M. Gaboury, Appellants,
v.
FLAGLER HOSPITAL, INC., a Florida Non-Profit Corporation, and Anthony Joseph Mussaliem, M.D., Appellees.
No. 74-99.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
*643 Ray A. Munson and Mortimer Fried, Miami, for appellants.
Jeffrey E. Streitfeld of Hoffman Hendry Parker & Smith, Orlando, for appellee, Flagler Hospital, Inc.
Bruce S. Bullock and Robert M. Sharp of Bullock, Sharp & Childs, Jacksonville, for appellee, Anthony Joseph Mussallem, M.D.
NANCE, L. CLAYTON, Associate Judge.
This is an interlocutory appeal by the appellants/plaintiffs from an order of the trial court granting the appellees/defendants' Motion to Dismiss the Complaint for improper venue and convenience of the parties and transferring the cause from Orange County to St. Johns County, Florida.
The plaintiffs filed an action for damages in Orange County, as parents and administrators of the estate of the decedent, under the Florida Wrongful Death Act, Fla. Stat. § 768.16 et seq. (1973). The complaint alleged, inter alia, that the decedent, who was driving from Jacksonville Beach, had sought and received treatment, by the defendant physician, in the defendant corporation's hospital, in St. Augustine (St. Johns County) and released; that she continued on her journey and died the same morning in Orlando (Orange County). Substantially, the gravamen of the complaint is that the defendants were negligent in making an improper diagnosis and in rendering the decedent improper care and treatment. All examinations or treatment rendered to the decedent by the defendants took place in St. Johns County, Florida, where the defendant physician resides and practices, and where the defendant hospital has its sole and only place of business. The trial court transferred the cause from Orange County to St. Johns County for lack of venue in Orange County, Florida, Fla. Stat. § 47.011 (1973), and because of convenience of the parties, Fla. Stat. § 47.122 (1973).
*644 The first point raised by the appellant is that the trial court erred in transferring the cause for improper venue.
Fla. Stat. § 47.011, as amended, 1973, provides:
"Actions shall be brought only in the county where defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."
This general venue statute controls all actions brought under the common law or under statute not containing specific provision respecting venue; however, it is not necessarily all inclusive. Stewart v. Carr, 218 So.2d 525 (2nd DCA Fla. 1969); Deeb, Incorporated v. Board of Public Instruction of Columbia County, 196 So.2d 22 (2nd DCA Fla. 1967); Mendez v. George Hunt, Inc., 191 So.2d 480 (4th DCA Fla. 1966). Such a statute may be limited by other statutes providing civil relief under varying circumstances, Stewart v. Carr, supra; Paulet v. Hickey, 206 So.2d 29 (2nd DCA Fla. 1968), and certain exceptions exist based upon common law rules and public policy. See, City of St. Peterburg v. Earle, 109 So.2d 388 (2nd DCA Fla. 1959), and cases cited therein.
The Florida Wrongful Death Act, Fla. Stat. § 768.16 et seq., contains no venue provision, and the general venue statutory provision contained in Fla. Stat. § 47.011 controls, consistent with the law and rationale of the Florida cases herein cited, and the law generally in other jurisdictions. 22 Am.Jur.2d, Death, § 189 (1965); Annot., 36 ALR2d 1146, 1150, § 4 (1954).
Fla. Stat. § 768.19, reads as follows:
"When the death of a person is caused by the wrongful act, negligence, ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person .. . that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured ..."
The gravamen of the statute is the wrongful act, et cetera, of the person liable for damages. So it is in the instant case, where it is recited in the appellant's brief that the gravamen of the complaint is that the defendants were negligent. By description it is a tort, personal and transitory in nature.
It has been well stated that such an action should be tried in the same manner and be governed by the same general principles of practice as it would have been had the injured person not died and was suing to recover damages for the wrongful act. 22 Am.Jur.2d, Death, § 189.
It has been stated that venue statutes are for the protection of the defendant where the action is personal or transitory, and unless waived, the defendant has the privilege of being sued either in the county of his residence or in the county where the cause of action accrued. Richard Bertram & Co. v. Barrett, 155 So.2d 409 (1st DCA Fla. 1963).
In determining the proper forum in which to bring suit under the general statute fixing venue where the cause of action "arose", or "accrued", the "injury occurred", et cetera, the differences are often of importance, but generally, within the meaning of statutes of this kind, a cause of action is said to arise at the place where the act creating the right to bring an action occurred, and when a tort is complete in a particular county, the cause of action is deemed to have accrued there so as to fix venue, notwithstanding that the plaintiff may have suffered damages, and even his greatest damage, in another county. 56 Am.Jur., Venue, § 34 (1947).
Indeed, from the standpoint of limitations of actions, which deals with the element of time, the cause of action is said to *645 have "accrued" upon the death of the decedent. St. Francis Hospital, Inc. v. Thompson, 159 Fla. 453, 31 So.2d 710, 174 ALR 810 (1947). This does not fix the place where the action "accrued" which is the material aspect of venue. To hold otherwise, and to place such a restricted meaning upon the word of art "accrued" would, in many cases, such as when the death occurred out of state, deprive the plaintiff of an election of forum within which to file the cause of action, under the general venue statute.
The second point raised by the appellant is that the trial court erred in transferring the cause because of convenience of the parties.
Fla. Stat. § 47.122, reads as follows:
"For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
In the instant case, the trial judge transferred the cause to the forum wherein the defendants resided, obviously a forum in which it might have been brought.
The trial judge had for his consideration the allegations of the complaint, the affidavits filed, and the allegations contained in the motions to dismiss and transfer, the applicable venue statutes and the fact that the acts and conduct complained of were allegedly committed in the transferee forum.
Venue statutes have often been characterized as statutes of convenience. Their primary purpose is to require that litigation be instituted in that forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action. Polar Ice Cream and Creamery Company v. Andrews, 146 So.2d 609 (1st DCA Fla. 1962). See also, Allen v. Summers, 273 So.2d 13 (3rd DCA Fla. 1973); England v. Cook, 256 So.2d 403 (3rd DCA Fla. 1972); Good-year Tire and Rubber Company v. Mann, 285 So.2d 681 (3rd DCA Fla. 1973), rev'd. 300 So.2d 666 (Fla. 1974).
The granting or refusal of the application for change of venue is within the sound discretion of the trial court and will not be disturbed upon review absent a demonstration of a palpable abuse or grossly improvident exercise of discretion. See, McMichael v. Harris, 127 Fla. 861, 174 So. 323 (1939); Spalding v. Von Zamft, 180 So.2d 208 (3rd DCA Fla. 1965); Florida East Coast Railway Company v. Hardee, 167 So.2d 68 (3rd DCA Fla. 1964).
Affirmed.
CROSS and DOWNEY, JJ., concur.