No. 84-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

GARY LEE SPENCER and GAYLE
SPENCER, husband and wife,

Plaintiffs and Respondents,

-vs-

FLATHEAD COUNTY, a political
subdivision of the State of
Montana, and STATE OF MONTANA,

Defendants and Appellants.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Murphy, Robinson, Heckathorn & Phillips; Kalispell,
Montana
Ted Lympus, County Attorney, Kalispell, Montana
Murray Kaufman, Vidal & Gordon, Kalispell, Montana
Roy Andes, Asst. Attorney General, Helena, Montana

For Respondents:

Sverdrup & Spencer, Libby, Montana

Submitted on Briefs: May 31, 1984

Decided: September 27, 1984

Filed: SEP ? 1984

*Ethel M. Harrison*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Flathead County and the State of Montana appeal from an order of the Lincoln County District Court denying their request for a change of venue from Lincoln County to Flathead County. The trial court held that it was proper to bring this action in Lincoln County as that is where plaintiff Gary Lee Spencer was mistakenly arrested. We affirm.

Venue in actions brought by nongovernmental entities against counties is determined by section 2-9-312(2), MCA, which establishes venue in either the county where the cause of action arose, or where the county being sued is located.

This lawsuit, filed in Lincoln County after Gary Lee Spencer was arrested at his home in Lincoln County, charges the defendants with wrongful arrest and invasion of privacy. Flathead County had issued a warrant for his arrest after receiving erroneous information from the Parent Locator Service of the State of Montana, concerning a nonsupport claim against another person named Gary Lee Spencer. Upon discovering the mistake, the charges against plaintiff were dismissed.

Before trial, the defendants filed a motion seeking a change in venue from Lincoln County to Flathead County, claiming that section 25-2-106, MCA, controls the venue of actions brought by nongovernmental entities against counties, and establishes venue exclusively where the county being sued is located. However, as we held in Hutchinson v. Moran (Mont. 1983), 673 P.2d 818, 40 St.Rep. 2081, the authority of a private entity to sue a county now exists solely by virtue of 1972 Mont. Const., Art. II, § 18, and the venue of such

actions is determined by the more recently enacted section 2-9-312(2), MCA. This new venue statute, enacted in 1973 states:

> "(1) Actions against the State shall be brought in the county in which the cause of action arose or in Lewis and Clark County. In addition, a resident of the State may bring an action in the county of his residence.
>
> "(2) Actions against a political subdivision shall be brought in the county in which the cause of action arose or in any county where the political subdivision is located."

Counties are specifically included within the definition of a "political subdivision" by section 2-9-101(5), MCA.

In suits brought by private entities against counties, the new venue statute, section 2-9-312(2), MCA, supersedes the venue provision contained in section 25-2-106, MCA, and exclusively determines the venue of such actions. Hutchinson v. Moran, supra.

The new venue statute gives the plaintiffs in this action the option of suing Flathead County in either the county where the cause of action arose or in Flathead County. The plaintiffs properly argue that the cause of action arose in Lincoln County. Where a cause of action arises is to be determined by inquiring where the act or breach occurs which creates the necessity for bringing the suit. Bergin v. Temple (1941), 111 Mont. 539, 111 P.2d 286. In this case, the act giving rise to the complaint--the allegedly illegal arrest--occurred in Lincoln County, and that is where the cause of action arose.

Under the more recent statute, section 2-9-312(2), MCA, venue in this action is proper in either Lincoln County or Flathead County. The plaintiffs chose Lincoln County.

The order of the Lincoln County District Court denying Flathead County's request for a change of venue is affirmed.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____
        Justices