NO. 91-283

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

EDITH ISABELLA CARROLL, Wife
of CHARLES ELMER CARROLL, Deceased,
and Personal Representative
of the Estate of Charles Elmer Carroll,

    Plaintiff and Respondent,

  -vs-

W. R. GRACE & COMPANY,

    Defendant and Appellant.



ORIGINAL PROCEEDING

COUNSEL OF RECORD:

    For Respondent:

        Tom L. Lewis; Regnier, Lewis & Boland, Great Falls,
        Montana
        Thomas A. Baiz, Jr., Baiz Law Office, Great Falls,
        Montana.

    For Appellant:

        Gary L. Graham and Maureen H. Lennon; Garlington,
        Lohn & Robinson, Missoula, Montana.

Submitted:  December 2, 1991

Decided:  January 14, 1992

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

This case is before us on certified questions from the Ninth Circuit Court of Appeals concerning the point at which a Montana wrongful death action accrues. We accepted certification pursuant to Rule 44 of the M.R.App.P.

Appellant (and defendant), W.R. Grace and Company, claims that the action accrues at the date of injury. Respondent (and plaintiff), Edith Carroll, claims that a wrongful death action accrues at the death of the injured person. We conclude that a wrongful death action does not accrue until the death of the injured person.

Charles Carroll (decedent) was employed by W.R. Grace and Company (Grace) at its vermiculite mine located in Libby, Montana, from 1958 until 1976; he underwent yearly chest x-rays provided by Grace from 1967 until 1976. Decedent retired in 1976, but continued to seek medical help regarding shortness of breath and a heart condition.

Mr. Carroll died in 1989, thirteen years after retirement. His autopsy report listed the cause of death as "severe interstitial fibrosis with pulmonary failure, apparently due to 'asbestosis.'" Decedent's medical records show that he had been diagnosed as suffering from asbestosis as early as 1972.

Edith Carroll, wife of decedent, filed a survival claim and a wrongful death claim against Grace, her husband's former employer, asserting that her husband's asbestosis was related to his employment at Grace's mine. She contends that she did not know

2

his death was related to his employment until she read the autopsy report. She filed her suit as a diversity action in the United States District Court within two months of her husband's death.

Grace moved for summary judgment based on the running of the statutes of limitations for both survival and wrongful death claims. The U.S. District Court granted summary judgment, holding that the statute of limitations had run on both claims. Edith Carroll appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the District Court's holding that the survival claim was barred by the applicable three-year statute of limitations, but stated that Montana law was not definitive on the issue of when a wrongful death action accrues. This Court accepted jurisdiction of the certified questions by order dated June 11, 1991.

Wrongful death claims are creatures of statute in Montana. As such, the question of when a wrongful death claim accrues requires an analysis of the general accrual statute and the wrongful death statute itself.

The general accrual statute for all actions in Montana provides:

> [A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action;

Section 27-2-102(1)(a), MCA. The wrongful death statute reads:

> **Action for** wrongful death. When injuries to and the death of one person are caused by the wrongful act or neglect of another, the personal representative of the decedent's estate may maintain an action for damages

3

against the person causing the death or, if such person be employed by another person who is responsible for his conduct, then also against such other person.

Section 27-1-513, MCA.

General rules of statutory construction require this Court to interpret the statutory language before us, without adding to, or subtracting from, it. Section 1-2-101, MCA. Words and phrases used in statutes of Montana are construed according to the context and the approved usage of the language. Section 1-2-106, MCA. Therefore, when interpreting statutes, this Court will use the plain and ordinary meaning of a word. Mtn. View Ed. Assn. v. Mtn. View School (1987), 227 Mont. 288, 738 P.2d 1288.

The language of Montana's general accrual statute is plain and straightforward: "all elements" of a claim must exist before the claim can accrue. Section 27-2-102(1)(a), MCA. The meaning is equally clear and not susceptible to differing interpretations: only when all elements exist is a claim complete. Section 27-2-102(1)(a), MCA, applies, by its terms, to all claims and causes of action. Thus, a wrongful death claim, like any other cause of action, accrues only when all elements of the claim have occurred: the claim simply does not exist until that time. The question, then, is whether death is an element of a wrongful death claim.

The wrongful death statute references ". . . injuries to and the death of one person. . . ." Section 27-1-513, MCA. (Emphasis added.) When these occurrences are caused by the "wrongful act or neglect of another," a wrongful death action may be maintained against the person who caused the death of the injured person.

4

Section 27-1-513, MCA. It is clear from the legislature's use of the conjunctive "and" that the death of the injured person is an element of a wrongful death claim.

The wrongful death statute contains additional language mandating the conclusion that death is an element of the claim. "[T]he personal representative of the <u>decedent's estate</u> . . ." files a wrongful death action. Section 27-1-513, MCA. A "decedent" is indisputably a person who has died and a personal representative of an estate cannot be appointed until there is a decedent. Thus, the death itself is a critical element in a wrongful death action.

To summarize, no claim exists until all elements of a cause of action occur pursuant to § 27-2-102(1)(a), MCA, and death is an element of a wrongful death claim under § 27-1-513, MCA, Montana's wrongful death statute. Therefore, we hold that a wrongful death action in Montana accrues at the time of decedent's death.

Eased upon the above discussion, we answer the certified questions as follows:

1. Does a Montana wrongful death action accrue at the time of decedent's death? Yes.

2. If not, does a Montana wrongful death action accrue in accordance with the discovery rule as a derivative cause of action? Having answered Question #1 in the affirmative, we do not reach Question #2.

3. If not, when and how does a Montana wrongful death action accrue? Having answered Question #1 in the affirmative, we do not reach Question #3.

_____
                Justice

5

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

January 14, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Gary L. Graham and Maureen H. Lennon
GARLINGTON, LOHN & ROBINSON
P.O. Box 7909
Missoula, MT  59807-7909


Thomas A. Baiz, Jr.
BAIZ LAW OFFICE
P.O. Box 1828
Great Falls, MT  59403


Tom L. Lewis
REGNIER, LEWIS & BOLAND
P.O. Box 2325
Great Falls, MT  59403



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY_____
    Deputy