## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-IA-00262-SCT

*CHARLES DEWAYNE BURGESS, M.D. AND KURT FREDERIC BRUCKMEIER, M.D.*

*v.*

*WISEY S. LUCKY*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/21/92 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL T. JAQUES |
| | R. MARK HODGES |
| ATTORNEYS FOR APPELLEE: | VICTOR WELSH, III |
| | CRYMES G. PITTMAN |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 5/23/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/13/96 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

¶1. The question before us today is where does a cause of action in a wrongful death case occur or accrue for venue purposes. This case comes to us from an order dated May 27, 1992, granting certification for interlocutory appeal to Drs. Charles Dewayne Burgess and Kurt Frederic Bruckmeier pursuant to Rule 5 of the Mississippi Supreme Court Rules.[1] Burgess and Bruckmeier are appealing the Simpson County Circuit Court's denial of their motion for change of venue. Appellants present the following issue for review:

> **In an action brought pursuant to Mississippi's Wrongful Death Statute, Miss. Code Ann. §11-7-13, for damages allegedly resulting from negligence arising out of medical care and/or treatment rendered to decedent by defendants, is venue proper in the county where defendants reside and the alleged negligence occurred or in the county where decedent died.**

### FACTS AND PROCEDURAL HISTORY

¶2. On June 28, 1989, Edward Lucky, the decedent, was admitted to Forrest General Hospital where he came under the care and supervision of the appellants, Dr. Charles Dewayne Burgess, and Dr. Kurt Frederick Bruckmeier. Both Drs. Burgess and Bruckmeier were residents of Forrest County, Mississippi.

After being admitted to the hospital the decedent received a series of Ativan injections and thereafter lapsed into a coma. The decedent was still in a coma when he was discharged from Forrest General Hospital on August 21, 1989. Without ever regaining consciousness, Edward Lucky died in Simpson County, Mississippi, on August 28, 1989.

¶3. On June 18, 1991, Wisey S. Lucky (Lucky), the decedent's widow, filed a complaint in the Circuit Court of Simpson County against the appellants. An amended complaint was filed on February 13, 1992. Forrest General Hospital was also originally made a defendant to the suit, but was later dismissed. Lucky's complaint alleged that she was entitled to recover damages pursuant to Miss. Code Ann. §11-7-13 on behalf of Edward Lucky's wrongful death beneficiaries. The complaint alleged that the decedent died as "a direct and proximate result of the negligence, gross negligence, and deviations from the standard of care" by Drs. Burgess and Bruckmeier.

¶4. A motion for change of venue to Forrest County was filed by both Drs. Burgess and Bruckmeier. Appellants argued a lack of venue in the Circuit Court of Simpson County. The lower court denied the motions, holding that pursuant to Miss. Code Ann. §11-11-3, the wrongful death action accrued in Simpson County since that was the place of decedent's death. Subsequently the lower court, pursuant to Rule 5 of the Mississippi Supreme Court Rules, denied certification "that a substantial basis exists for a difference of opinion on a question of law. . . ." Appellants' petition for interlocutory appeal was granted by this Court on June 3, 1992.

## DISCUSSION

¶5. The appellants, Drs. Burgess and Bruckmeier, argue that a cause of action for wrongful death, in a medical negligence context, occurs and accrues for venue purposes in the county where the negligence took place. Lucky, on the other hand, maintains that wrongful death is a cause of action separate and distinct from medical negligence and that it accrues only at the time of death and therefore, under Mississippi's general venue statute, the county of death is a proper venue.

¶6. Lucky filed suit against Drs. Burgess and Bruckmeier pursuant to Miss. Code Ann. §11-7-13, Mississippi's wrongful death statute, which reads in part:

> Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission . . . as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof . . . and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death. . . .

¶7. Mississippi's wrongful death statute does not contain a specific provision regarding venue; therefore, Miss. Code Ann. §11-11-3 (Supp. 1995), the state's general venue statute, must be relied upon in wrongful death cases. Miss. Code Ann. §11-11-3 provides in pertinent part:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or ***in the county where the cause of action may occur or accrue. . . .***

(emphasis added).

¶8. In order to determine permissible venues in a wrongful death cause of action, it must first be determined where the cause of action occurred or accrued. There are three possible alternatives to this question in a wrongful death action. The cause of action occurs and/or accrues: one, in both the county where the death occurred and the county where the alleged negligence took place, if they are different; two, only in the county where the negligence that led to the death occurred; or three, only in the county where the decedent died. There is no consistent treatment of this issue among other jurisdictions in which a general venue statute is used in wrongful death actions.

¶9. There are relevant Mississippi cases concerning venue, wrongful death actions and when a cause of action occurs and accrues. The first alternative of venue being proper in both the county where the death took place, as well as the county where the negligence occurred, is the alternative most consistent with this Court's prior holdings.

¶10. In *Owens-Illinois, Inc. v. Edwards,* 573 So.2d 704, 706 (Miss. 1990), a statute of limitations case, the Court, quoting Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960), stated that "[a] cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested." The Court in *Gentry v. Wallace,* 606 So.2d 1117 (Miss. 1992), was faced with the question of when the statute of limitations begins to run in a wrongful death action stemming from medical negligence. The *Gentry* Court held that in a wrongful death case "the cause of action does not accrue until the death of the negligently injured person." 606 So.2d at 1119. The Court went on to state:

> Wrongful death is a separate and distinct cause of action, which can be brought only by the survivors of the deceased. Miss. Code Ann. §11-7-13(1972 and Supp. 1991). Without and until the death of Mary Gentry, there was no cause of action under the wrongful death statute to trigger the two year statute of limitations. . . .

> As it stands, the ruling of the trial court erroneously assumes that wrongful death and medical negligence causes of action are synonymous. However, wrongful death has been recognized as a tort separate and distinct from other personal injury actions.

*Gentry,* 606 So.2d at 1119-20. (citations omitted).

¶11. Although the above-cited cases do not contain venue issues, they seem to indicate that a wrongful death action does not accrue until the death of the negligently injured person. This being the case, Simpson County, the county where the decedent died, would be a county of appropriate venue. However, there is nothing to suggest that venue may be proper in but one county.

¶12. The Mississippi case most relevant to the issue at bar is *Flight Line, Inc. v. Tanksley,* 608 So.2d 1149 (Miss. 1992). In that case, this Court held that a cause of action does not necessarily "occur" and "accrue" at the same time or place. In *Flight Line,* Tanksley filed a complaint in Warren County against Flight Line, Inc., a domestic corporation with its principal place of business in Rankin County, alleging "personal injuries said to have been proximately caused by the negligent arrangement and stowage [at the Vicksburg-Warren County Airport] of the cargo of heavy equipment prior to the flight to Chicago and thereafter by the failure to supervise the unloading of same in Chicago." *Id.* at 1154. Tanksley alleged that his back was injured in Chicago while he was helping to unload a heavy motor from the plane. The plane shifted causing the tail to hit the ground with the nose at a forty-five degree angle. When this happened,

Tanksley, who was in the rear of the plane, "was on the receiving end of the heavy motor." *Id.* at 1154.

¶13. Flight Line complained that venue was improper in Warren County, arguing that the cause of action occurred and accrued in Chicago, the place the injury occurred, and moved for a transfer to Rankin County, its principal place of business. Tanksley argued that Warren County was a permissible venue because the cause of action occurred at least partially in that county. This view was accepted by the Circuit Court and affirmed by this Court.

¶14. The *Flight Line* Court held that

"occur" and "accrue" are not synonymous, legally or otherwise, as the disjunctive connector forthrightly suggests. We read accrual in its formalistic sense. A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. *Foreman v. Mississippi Publishers Corp.,* 195 Miss. 90, 104, 14 So.2d 344, 346 (1943). This may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found. "Occur" is a less formalistic term. It is event oriented to its core. It connotes conduct and phenomena and imports no preference among all of those necessary that a plaintiff may sue. It is certainly true in cases such as this the action--the improper loading in Vicksburg--was harmless when done "and on account of which no action could accrue, until the injury took place." What *Masonite* [*Corp. v. Burnham,* 164 Miss. 840, 146 So.2d 292 (1933)] misses is that the converse is equally true. The injury could not, as a matter of common sense, take place had it not been for the conduct in the county of origin. The mere fact of injury in Chicago could not be actionable without negligence somewhere, here (at least in part) in Warren County.

The words "occur or accrue" within the statute are at least broad enough the include the place where the injury is inflicted, but this does not and cannot exclude the place where substantial part of the injury-causing conduct occurred.

. . . .

In the final analysis, venue is about convenience. The legislative prescription implies a legislative finding counties meeting certain criteria will generally be more convenient to the parties. The use of "occur" makes sense because important witnesses will often be accessible where the action occurs. Yet, there is not in the phrase "where the cause of action may occur...." that limits the judicial search for but a single county. Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not all always happen at once. At the very least, the word "occur" connotes each county in which a substantial component of the claim takes place. . . .

*Flight Line,* 608 So.2d at 1156-57. (footnote omitted)

¶15. If the reasoning used in *Flight Line* is applied to the case at bar, Simpson County and Forrest County would each be permissible venues. Simpson County is a permissible venue because it is the place of death, or rather, the place where the right to sue for wrongful death became vested. Forrest County would also be an appropriate venue since it is the county where the alleged negligent conduct which led to the death of decedent took place. Accepting this reasoning, the circuit court's ruling must be affirmed. This is so since "[o]f right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Flight Line,*

608 So.2d at 1155. (citations omitted)(footnote omitted).

¶16. Other states have taken different approaches in deciding venue in wrongful death cases. It should be noted, however, that although there are other jurisdictions which apply general venue statutes to wrongful death cases, Mississippi is the only one to use the phrase "occur or accrue." Missouri's general venue statute, § 508.010 RSMo. 1978, uses the phrase "where the cause of action accrues," leaving out the word "occur." In *Dzur v. Gaertner,* 657 S.W.2d 35, 36 (Mo.App. 1983), the Missouri court held

> A cause of action for wrongful death. . ."accrues" in two separate and distinct senses. As to time, for purposes of calculating the statute of limitations, the cause of action "accrues" to the statutory beneficiaries when the death occurs. With respect to venue, however, the cause of action "accrues" at the place where the wrong complained of was committed. *See State ex rel. Gerber v. Mayfield,* 365 Mo.255, 281 S.W.2d 295, 296-97 (1955). Although the statutory beneficiary may not have a cause of action until the decedent dies, the cause of action is not based on the death but the wrongful causing of the death. *Id.* Therefore, venue is determined by § 508.010 RSMo. 1978 and the term "accrued" as used in that statute refers to the place where the wrongful conduct occurred.

(citations omitted).

¶17. Florida's general venue statute, Fla.Stat. § 47.011 (1973), which is applied in wrongful death actions, also uses the phrase "where the cause of action accrues." Florida holds that for venue purposes a wrongful death cause of action accrues in the county where the injuries causing death were sustained. The reasoning behind this holding was discussed in *Gaboury v. Flagler Hospital, Inc.,* 316 So.2d 642 (Fla.App, 1975) , there the Florida court opined:

> In determining the proper forum in which to bring suit under the general statue fixing venue where the cause of action "arose", or "accrued", the injury occurred", et cetera, the differences are often of importance, but generally within the meaning of statutes of this kind, a cause of action is said to arise at the place where the act creating the right to bring an action occurred, and when a tort is complete in a particular county, the cause of action is deemed to have accrued there so as to fix venue, notwithstanding that the plaintiff may have suffered damages, and even his greatest damage, in another county. 56 Am.Jur., Venue § 34 (1947).

> Indeed, from the standpoint of limitations of actions, which deals with the element of time, the cause of action is said to have "accrued" upon the death of the decedent. This does not fix the place where the action "accrued" which is the material aspect of venue. To hold otherwise, and to place such a restricted meaning upon the word of art "accrued" would, in many cases, such as when the death occurred out of state, deprive the plaintiff of an election of forum within which to file the cause of action, under the general venue statute.

*Gaboury,* 316 So.2d at 644-45. (citation omitted).

¶18. *Gaboury* was distinguished from *Pearson v. Wallace Aviation, Inc.,* 400 So.2d 50 (Fla.App. 1981). In *Pearson*, Marilyn Pearson was severely injured in a plane crash in Orange County, Florida. She and her husband brought suit in Orange County against Wallace Aviation, Inc., alleging the defendant failed to properly repair and inspect their aircraft at its place of business in Flagler County. Citing *Gaboury*, the defendant took the position, that the cause of action accrued in Flagler County because that was where the

services which allegedly cause the crash were performed. The Florida Court stated that it had long been recognized that in negligence actions a cause of action accrues where the injuries are sustained. The Court stated that this was not contradictory to the holding in *Gaboury* because in that case, although the decedent died in Orange County, she sustained her injuries in St. Johns County, so it was that county where the cause of action accrued. In *Pearson*, Mrs. Pearson received no injuries in Flagler County; she was not injured until the plane crashed in Orange County. *Pearson,* 400 So.2d at 51-52.

¶19. Georgia follows the same line of reasoning as does Florida. In *Thomas v. Bobby Stevens Hauling Contractors, Inc.,* 302 S.E.2d 585, 588 (Ga.App. 1983) (quoting *Atkinson v. Hardaway,* 10 Ga.App. 389(3), 73 S.E. 556 (1911)), the Georgia Court of Appeals held that "[t]he cause of action inheres in the wrong as consummated by the injury, and not in the death itself."

¶20. The theory that a cause of action for wrongful death accrues for venue purposes where the negligence occurred or where the injuries causing death were inflicted and not in the county where the death occurred, if different, can be reconciled with prior Mississippi case law. Although this Court held in *Gentry,* 606 So.2d at 1119, that a cause of action for wrongful death "does not accrue until the death of the negligently injured person," the issue in that case was when the cause of action accrued for statute of limitations purposes, not venue. Applying the rationale of the Missouri court in *Dzur,* Lucky's cause of action did not accrue for statute of limitations purposes until Mr. Lucky's death in Simpson County, but it accrued for venue purposes in Forrest County, the place where the underlying negligence and injuries occurred.

¶21. This rationale makes sense if wrongful death is considered a derivative action. In *Wickline v. U.S. Fidelity & Guaranty Co.,* 530 So.2d 708, 715 (Miss. 1988), the Court stated that "[t]he wrongful death statute provides a *derivative action* by the beneficiaries, and those beneficiaries stand in the position of their decedent." (emphasis added). Miss. Code Ann. §11-7-13, Mississippi's wrongful death statute substantiates, this. It reads in part:

> Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission. . . as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof. . . the person or corporation, or both that would have been liable of death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death. . . .

¶22. "[V]enue [is] a right as valuable to the defendant as to the plaintiff." *Flight Line,* 608 So.2d at 1155; *Jefferson v. Magee,* 205 So.2d 281, 283 (Miss. 1967). Finding that the cause of action accrues for venue purposes at the place where the negligence occurred is the alternative most fair to the defendant. Otherwise, a defendant might find himself having to defend an action in a county where none of the negligence occurred, there are no witnesses, and he has no contacts, just because the negligently-injured party happened to be in another county when he died, whether that be the county of decedent's residence or a county he happened to be passing through at the time.

¶23. Some states take the completely opposite view, saying that a wrongful death cause of action accrues for venue purposes at the place where the death occurred. *See Keele v. Knecht,* 621 So.2d 106 (La.App. 2 Cir. 1993); *See also, Lorencz v. Ford Motor Co.,* 466 N.W.2d 346 (Mich.App. 1991). It should be kept in mind that no state which adheres to this doctrine has a venue statute which contains the phrase "occur or accrue." One state which adheres to this view is Montana. In the case of *Gabriel v. School Dist. No. 4, Libby,* 870 P.2d 1351 (Mont. 1994), the Supreme Court of Montana in held that a claim for

wrongful death "arises" for venue purposes where the death occurs. In reaching this decision the Court opined:

> We concluded in [*Carroll v. W.R. Grace & Co.*, 252 Mont. 485, 830 P.2d 1253 (1992)] that death is a necessary element in a wrongful death action under Montana law; on that basis, we held that a wrongful death action accrued at the time of the death, rather than on the date of the injury, for purposes of the statute of limitations. . . .

> As a logical corollary to *Carroll,* we conclude that a wrongful death claim arises under § 25-2-126, MCA, where the death occurs.

> [T]he action arises "where the act or breach occur which creates the necessity for bringing the suit." *Spencer* [*v. Flathead County,* 687 P.2d 1390 (Mont. 1984)]. Here, under *Carroll* and *Spencer,* the act creating the right to bring a wrongful death claim is Sasse's death-in Flathead County.

*Gabriel,* 870 P.2d at 1352-53.

¶24. While this is a viable alternative to the venue issue, it is not consistent with this Court's ruling in *Flight Line.* Of the three alternatives discussed, the first, that a cause of action in a wrongful death case may occur and/or accrue in both the county where the death occurred and the county where the alleged negligence took place, is the alternative most consistent with our prior case law and the legislature's intent.

## CONCLUSION

¶25. In light of our decision in *Flight Line* and the legislature's use of "or" which indicates that the words "occur" and "accrue" are not synonymous, we find that in answering the question of where a wrongful death cause of action may occur or accrue for venue purposes, the answer is that it may "occur" where the negligence happened and "accrue" in the county of death, making either county, if they are different, a permissible venue. The statute's use of the disjunctive "or", as well as, this Court's holding in *Flight Line* makes this alternative the most reconcilable with Mississippi law. Therefore, since suit was brought in Simpson County, the county of decedent's death and therefore, the county in which the cause of action accrued, we affirm the lower court's denial of Burgess and Bruckmeier's motion for change of venue.

¶26. **AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, McRAE, SMITH AND MILLS, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, P.J.**

**BANKS, JUSTICE, DISSENTING:**

¶27. For the reasons expressed in my dissenting opinion in *McMillan v. Puckett,* No. 94-IA-00166-SCT (Miss. 1996). I dissent.

**PRATHER, P.J., JOINS THIS OPINION.**

1. Now the Mississippi Rules of Appellate Procedure.