977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edith Isabella CARROLL, Wife of Charles Elmer Carroll,
deceased, and Personal Representative of the
Estate of Charles Elmer Carroll,
Plaintiff-Appellant,
v.
W.R. GRACE & COMPANY, Defendant-Appellee.
 No. 90-35489.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1991.
Memorandum and Certification Order May 30, 1991.
Submission Withdrawn Oct. 28, 1991.
Resubmitted Feb. 12, 1992.
Decided Sept. 30, 1992.
 
 Before WALLACE, Chief Judge, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This diversity action, in which Edith Carroll seeks damages for the death of her husband, a former employee of W.R. Grace & Co. ("Grace"), from asbestos-related disease, was argued before us February 8, 1991. In a Memorandum and Order filed May 30, 1991, we concluded that Mr. Carroll should have known that his continued lung problems were likely due to asbestos exposure at least by 1985. We therefore affirmed the district court's ruling that Mrs. Carroll's survival claim, which was filed April 6, 1989, was barred by the applicable three-year statute of limitations, Mont.Code Ann. § 27-2-204 (1991).
 
 
 3
 We found ourselves unable to determine, however, whether under Montana law Carroll's wrongful death claim accrued on the death of her husband or instead when she and her husband knew or should have known that Mr. Carroll's disease was asbestos-related. Mr. Carroll died on February 22, 1989. Wrongful death actions in Montana are subject to a three-year statute of limitations. Mont.Code Ann. § 27-2-204(2) (1991). If the wrongful death claim accrued at the time of Mr. Carroll's death, therefore, Mrs. Carroll's April 6, 1989, filing would be indeed timely with respect to that claim.
 
 
 4
 In order to obtain a definitive ruling on when the wrongful death claim accrued, we certified three questions to the Montana Supreme Court pursuant to Montana Rule of Appellate Procedure 44. The questions certified were:
 
 
 5
 1. Does a Montana wrongful death action accrue at the time of the decedent's death?
 
 
 6
 2. If not, does a Montana wrongful death action accrue in accordance with the discovery rule as a derivative cause of action?
 
 
 7
 3. If not, when and how does a Montana wrongful death action accrue?
 
 
 8
 The Montana Supreme Court accepted jurisdiction of the certified questions. Carroll v. W.R. Grace & Co., No. 91-283 (Mont. June 11, 1991) (order accepting jurisdiction). On January 14, 1992, that Court issued a decision answering the first question in the affirmative and therefore not reaching the second and third questions. Carroll v. W.R. Grace & Co., 830 P.2d 1253 (Mont.1992).
 
 
 9
 The Montana Supreme Court's decision authoritatively establishes that "a wrongful death action in Montana accrues at the time of the decedent's death." Carroll, slip op. at 5. Mrs. Carroll's wrongful death claim, consequently, is not time-barred, and the district court's grant of summary judgment to Grace on this claim must be reversed. We remand for further proceedings on the wrongful death claim alone.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3