No. 93-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

VICKI GABRIEL, for herself and as
personal representative of the Estate
of RICHARD J. SASSE, and for
STACY SASSE, a minor,

Plaintiffs and Appellants,

-vs-

SCHOOL DISTRICT NUMBER 4,
LIBBY, MONTANA,

Defendant and Respondent.

FILED

MAR 17 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

John M. Morrison; Morrison Law Office, Helena,
Montana

For Respondent:

Todd A. Hammer; Warden, Christiansen, Johnson &
Berg, Kalispell, Montana


Submitted on Briefs: January 27, 1994

Decided: March 17, 1994

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

We conclude in this case that the District Court erred in granting School District Number 4's motion for change of venue pursuant to § 25-2-126(3), MCA. Accordingly, we reverse and remand for further proceedings.

Richard J. Sasse (Sasse) fell from a school roof in Libby, Montana, while working on a construction project for School District Number 4 (School District). Sasse survived the fall and was taken to Kalispell Regional Hospital in Flathead County, where he subsequently died.

Vicki Gabriel (Gabriel), for herself and as personal representative of Sasse's estate, and for Stacy Sasse, a minor, filed a complaint against the School District in the Eleventh Judicial District Court, Flathead County. The complaint states separate survivorship and wrongful death claims based on alleged wrongful conduct by the School District in Lincoln County.

The School District filed a motion to change venue from Flathead County to Lincoln County. The District Court granted the motion. It determined that all events associated with Gabriel's causes of action occurred in Lincoln County, and that Lincoln County is where the claims arose and where the School District, a political subdivision, is located. Therefore, the court concluded, Lincoln County is the proper place of trial under § 25-2-126(3), MCA. Gabriel appeals.

This appeal involves a determination of whether the court's legal conclusion was correct. We review such legal conclusions de

2

novo. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

At the outset, we conclude that the District Court correctly determined that § 25-2-126(3), MCA, is the applicable venue statute in this case. Section 25-2-126(3), MCA, provides that the "proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located." The parties do not dispute the School District's status as a "political subdivision" pursuant to § 2-9-101(5), MCA.

The School District contends, in this regard, that no Montana statute specifically provides venue for the separate, but dependent and combined, tort claims of survivorship and wrongful death. While the contention is correct, it is not relevant here. The legislature specifically has provided for venue in actions against political subdivisions such as the School District. Thus, § 25-2-126(3), MCA, is applicable here.

The more difficult issue remains, however: is Flathead County a proper venue for Gabriel's wrongful death claim under § 25-2-126, MCA? If so, the District Court erred. It is well-established that if a plaintiff files in one county where venue is proper, no motion for change of venue can be granted. Section 25-2-114, MCA; Petersen v. Tucker (1987), 228 Mont. 393, 396, 742 P.2d 483, 484-85; Spencer v. Flathead County (1984), 212 Mont. 399, 401, 687 P.2d 1390, 1392.

Gabriel recognizes that Lincoln County is the county where the

3

School District is "located" and where her survivorship claim arose. As a result, she concedes that Lincoln County is a proper place for trial of her claims. However, she asserts that the wrongful death claim arose in Flathead County where Sasse's death occurred and that, as a result, Flathead County also is a proper place for trial under § 25-2-126, MCA. We agree.

We recently addressed a related issue concerning wrongful death actions in Carroll v. W.R. Grace & Co. (1992), 252 Mont. 485, 830 P.2d 1253. We concluded in Carroll that death is a necessary element in a wrongful death action under Montana law; on that basis, we held that a wrongful death action accrued at the time of the death, rather than on the date of the injury, for purposes of the statute of limitations. 830 P.2d at 1254, 1255. While the issue presently before us relates to venue rather than the statute of limitations, we are persuaded that the Carroll approach to Montana wrongful death claims is applicable here.

Carroll stands for the proposition that death is a critical, and the final, element in the accrual of a wrongful death action. If the claim does not accrue until the death occurs, it cannot "arise" under § 25-2-126, MCA, until the death occurs. Simply put, no wrongful death claim exists until the death occurs; therefore, the claim cannot "arise" for venue purposes until that time. As a logical corollary to Carroll, we conclude that a wrongful death claim arises under § 25-2-126, MCA, where the death occurs. Thus, because the critical and defining element of Gabriel's wrongful death claim occurred in Flathead County, we hold that the District

4

Court erred in concluding that all events associated with Gabriel's claims occurred in Lincoln County and that her wrongful death claim arose there.

The School District relies on Gaboury v. Flagler Hospital, Inc. (Fla. App. 1975), 316 So.2d 642 and Dzur v. Gaertner (Mo. App. 1983), 657 S.W.2d 35, for the proposition that the proper venue for wrongful death actions is in the place where the underlying wrongful acts occurred. While the Florida court reached a result different from that we reach here, based, in part, on dissimilar statutes, we agree with its statement that a cause of action arises "at the place where the act creating the right to bring an action occurred . . . ." Gaboury, 316 So.2d at 644. Indeed, we took this approach to the issue of where a cause of action arises under the predecessor to § 25-2-126, MCA, in Spencer. We stated that the action arises "where the act or breach occurs which creates the necessity for bringing the suit." Spencer, 687 P.2d at 1392. Here, under Carroll and Spencer, the act creating the right to bring a wrongful death claim is Sasse's death--in Flathead County.

The Missouri court in Dzur concluded that, under Missouri statutes, a wrongful death claim "accrues" when death occurs for statute of limitations purposes but at the place where the underlying wrongful act occurred for venue purposes. 657 S.W.2d at 36. While recognizing the existence of this alternative rationale and result, we are not persuaded that it produces the appropriate result for Montana, given Carroll and § 25-2-126(3), MCA.

Nor is the School District's reliance on Howard v. Dooner

5

Laboratories, Inc. (1984), 211 Mont. 312, 688 P.2d 279, well placed. Howard involved application of the general tort statute providing for venue in the county where the tort "was committed" to a situation involving medical malpractice. Addressing the word "committed," we determined that the tort occurred where the medical negligence took place. Howard, 688 P.2d at 282. Howard did not address either a post-Carroll wrongful death claim or the specific language contained in § 25-2-126, MCA.

The School District is correct in pointing out that survivorship and wrongful death claims must be brought in one action in Montana, pursuant to § 27-1-501(2), MCA. In this regard, we note only that nothing in § 27-1-501, MCA, relates to the question of venue for a wrongful death action. Nor does the School District's argument that venue for the survivorship claim is in Lincoln County--where the alleged tortious conduct was committed and the claim arose--advance its cause. It is well-established that venue may be appropriate in more than one place and that, in such an event, filing in a proper venue precludes a successful change of venue motion. Petersen, 742 P.2d at 484.

We conclude that a wrongful death claim arises, under § 25-2-126, MCA, where the death occurs. Because Gabriel's wrongful death claim arose in Flathead County, we further conclude that Flathead County is a proper venue for trial of this action pursuant to § 25-2-126(3), MCA. Thus, we hold that the District Court erred in concluding that Lincoln County was the only proper venue, and remand to the District Court for further proceedings.

6

Reversed and remanded.

_____
                     Justice

We concur:

_____
          Chief Justice

_____

_____

_____
          Justices

7

Justice Fred J. Weber dissents as follows:

The complaint filed by the plaintiffs sought, in its first cause of action, the recovery by the estate of the damages for conscious pain and suffering of Mr. Sasse during the time he lived following his fall, his estate-incurred medical expenses and funeral expenses, and the loss by his estate as a result of the permanent loss of earning capacity of Mr. Sasse. As a second cause of action, the plaintiffs sought recovery for wrongful death setting forth claims for loss of financial support, loss of society and companionship, sorrow and grief, and loss of services.

When considering the first cause of action, the proper place of trial for the tort action is fixed by § 25-2-122, MCA, which provides in pertinent part:

> **25-2-122. Torts.** The proper place of trial for a tort action is:
> (1) the county in which the defendants . . . reside at the commencement of the action; or
>
> (2) the county where the tort was committed. . . .

In addition, § 25-2-126, MCA, provides in pertinent part:

> **25-2-126. Against state, county, and political subdivisions.**
>
> . . .
>
> (3) The proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located.

Applying the foregoing statutes to the first cause of action results in a determination that the proper venue of that cause of action would be only in Lincoln County because the tort was committed in that county and that county also was the location of

8

the defendant political subdivision.

In considering the venue of the second cause of action, that being the wrongful death action, several statutes need to be considered. Section 27-1-501, MCA, provides in pertinent part:

> **27-1-501. Survival of cause of action or defense -- death or disability or transfer of interest.** (1) An action, cause of action, or defense does not abate because of the death or disability of a party . . . but whenever the cause of action or defense arose in favor of such party prior to his death or disability . . . it survives and may be maintained by his representatives or successors in interest. . . .
>
> (2) Actions brought under this section and 27-1-513 must be combined in one legal action . . . .

Section 27-1-513, MCA, provides in pertinent part:

> **27-1-513. Action for wrongful death.** When injuries to and the death of one person are caused by the wrongful act or neglect of another, the personal representative of the decedent's estate may maintain an action for damages against the person causing the death . . . .

In its analysis of the venue of the wrongful death claim, the majority follows the Carroll case and concludes that the venue of the wrongful death claim is Flathead County. The majority correctly points out that under § 27-1-501, MCA, both the first and second causes of action of this complaint must be combined in one legal action.

The majority opinion concludes that if a plaintiff files in one county where venue is proper, no motion for change of venue can be granted. That appears to be the primary rationale for the decision. The majority opinion does not address the contradiction above-described when the venue statutes are analyzed with regard to the two different causes of action. The venue for the survival

9

action, the first cause of action, is limited to Lincoln County. The venue of the second cause of action, the action for wrongful death, is either in Flathead County or Lincoln County. Under these circumstances I suggest it is appropriate to balance the facts as was done by the District Court. As pointed out by the District Court, all events associated with the plaintiffs' two causes of action occurred in Lincoln County with the single exception of the death, which occurred in Flathead County.

I therefore conclude that because the proper venue for the first cause of action is limited to Lincoln County by statute, and a proper venue for the second cause of action also is in Lincoln County, that it is appropriate to conclude that the proper venue for both causes of action should be limited to Lincoln County. I would therefore affirm the District Court.

_____
                              Justice


Chief Justice J. A. Turnage:

I concur in the dissenting opinion of Justice Weber.

_____
                   Chief Justice


10

March 17, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


John M. Morrison
MORRISON LAW OFFICE
80 Soputh Warren
Helena, MT 59601

Todd A. Hammer
WARDEN, CHRISTIANSEN, JOHNSON & BERG
P. O. Box 3038
Kalispell, MT 59903-3038


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy