JUSTICE GRAY
delivered the Opinion of the Court.
We conclude in this case that the District Court erred in granting School District Number 4’s motion for change of venue pursuant to § 25-2-126(3), MCA. Accordingly, we reverse and remand for further proceedings.
Richard J. Sasse (Sasse) fell from a school roof in Libby, Montana, while working on a construction project for School District Number 4 (School District). Sasse survived the fall and was taken to Kalispell Regional Hospital in Flathead County, where he subsequently died.
Vicki Gabriel (Gabriel), for herself and as personal representative of Sasse’s estate, and for Stacy Sasse, a minor, filed a complaint against the School District in the Eleventh Judicial District Court, Flathead County. The complaint states separate survivorship and wrongful death claims based on alleged wrongful conduct by the School District in Lincoln County.
*179 The School District filed a motion to change venue from Flathead County to Lincoln County. The District Court granted the motion. It determined that all events associated with Gabriel’s causes of action occurred in Lincoln County, and that Lincoln County is where the claims arose and where the School District, a political subdivision, is located. Therefore, the court concluded, Lincoln County is the proper place of trial under § 25-2-126(3), MCA. Gabriel appeals.
This appeal involves a determination of whether the court’s legal conclusion was correct. We review such legal conclusions de novo. Steer, Inc. v. Dep’t of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.
At the outset, we conclude that the District Court correctly determined that § 25-2-126(3), MCA, is the applicable venue statute in this case. Section 25-2-126(3), MCA, provides that the “proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located.” The parties do not dispute the School District’s status as a “political subdivision” pursuant to § 2-9-101(5), MCA.
The School District contends, in this regard, that no Montana statute specifically provides venue for the separate, but dependent and combined, tort claims of survivorship and wrongful death. While the contention is correct, it is not relevant here. The legislature specifically has provided for venue in actions against political subdivisions such as the School District. Thus, § 25-2-126(3), MCA, is applicable here.
The more difficult issue remains, however: is Flathead County a proper venue for Gabriel’s wrongful death claim under § 25-2-126, MCA? If so, the District Court erred. It is well-established that if a plaintiff files in one county where venue is proper, no motion for change of venue can be granted. Section 25-2-114, MCA; Petersen v. Tucker (1987), 228 Mont. 393, 396, 742 P.2d 483, 484-85; Spencer v. Flathead County (1984), 212 Mont. 399, 401, 687 P.2d 1390, 1392.
Gabriel recognizes that Lincoln County is the county where the School District is “located” and where her survivorship claim arose. As a result, she concedes that Lincoln County is a proper place for trial of her claims. However, she asserts that the wrongful death claim arose in Flathead County where Sasse’s death occurred and that, as a result, Flathead County also is a proper place for trial under § 25-2-126, MCA. We agree.
We recently addressed a related issue concerning wrongful death actions in Carroll v. W.R. Grace & Co. (1992), 252 Mont. 485, 830 P.2d *180 1253. We concluded in Carroll that death is a necessary element in a wrongful death action under Montana law; on that basis, we held that a wrongful death action accrued at the time of the death, rather than on the date of the injury, for purposes of the statute of limitations. 830 P.2d at 1254, 1255. While the issue presently before us relates to venue rather than the statute of limitations, we are persuaded that the Carroll approach to Montana wrongful death claims is applicable here.
Carroll stands for the proposition that death is a critical, and the final, element in the accrual of a wrongful death action. If the claim does not accrue until the death occurs, it cannot “arise” under § 25-2-126, MCA, until the death occurs. Simply put, no wrongful death claim exists until the death occurs; therefore, the claim cannot “arise” for venue purposes until that time. As a logical corollary to Carroll, we conclude that a wrongful death claim arises under § 25-2-126, MCA, where the death occurs. Thus, because the critical and defining element of Gabriel’s wrongful death claim occurred in Flathead County, we hold that the District Court erred in concluding that all events associated with Gabriel’s claims occurred in Lincoln County and that her wrongful death claim arose there.
The School District relies on Gaboury v. Flagler Hospital, Inc. (Fla. App. 1975), 316 So.2d 642 and Dzur v. Gaertner (Mo. App. 1983), 657 S.W.2d 35, for the proposition that the proper venue for wrongful death actions is in the place where the underlying wrongful acts occurred. While the Florida court reached a result different from that we reach here, based, in part, on dissimilar statutes, we agree with its statement that a cause of action arises “at the place where the act creating the right to bring an action occurred....” Gaboury, 316 So.2d at 644. Indeed, we took this approach to the issue of where a cause of action arises under the predecessor to § 25-2-126, MCA, in Spencer. We stated that the action arises “where the act or breach occurs which creates the necessity for bringing the suit.” Spencer, 687 P.2d at 1392. Here, under Carroll and Spencer, the act creating the right to bring a wrongful death claim is Sasse’s death — in Flathead County.
The Missouri court in Dzur concluded that, -under Missouri statutes, a wrongful death claim “accrues” when death occurs for statute of limitations purposes but at the place where the underlying wrongful act occurred for venue purposes. 657 S.W.2d at 36. While recognizing the existence of this alternative rationale and result, we are not persuaded that it produces the appropriate result for Montana, given Carroll and § 25-2-126(3), MCA.
*181 Nor is the School District’s reliance on Howard v. Dooner Laboratories, Inc. (1984), 211 Mont. 312, 688 P.2d 279, well placed. Howard involved application of the general tort statute providing for venue in the county where the tort “was committed” to a situation involving medical malpractice. Addressing the word “committed,” we determined that the tort occurred where the medical negligence took place. Howard, 688 P.2d at 282. Howard did not address either a post-Carroll wrongful death claim or the specific language contained in § 25-2-126, MCA.
The School District is correct in pointing out that survivorship and wrongful death claims must be brought in one action in Montana, pursuant to § 27-1-501(2), MCA. In this regard, we note only that nothing in § 27-1-501, MCA, relates to the question of venue for a wrongful death action. Nor does the School District’s argument that venue for the survivorship claim is in Lincoln County — where the alleged tortious conduct was committed and the claim arose — advance its cause. It is well-established that venue may be appropriate in more than one place and that, in such an event, filing in a proper venue precludes a successful change of venue motion. Petersen, 742 P.2d at 484.
We conclude that a wrongful death claim arises, under § 25-2-126, MCA, where the death occurs. Because Gabriel’s wrongful death claim arose in Flathead County, we further conclude that Flathead County is a proper venue for trial of this action pursuant to § 25-2-126(3), MCA. Thus, we hold that the District Court erred in concluding that Lincoln County was the only proper venue, and remand to the District Court for further proceedings.
Reversed and remanded.
JUSTICES HARRISON, HUNT, TRIEWEILER and NELSON concur.