JUSTICE LEAPHART,
specially concurring.
I concur in the result reached by the Court because I agree that our decision in Gabriel v. School Dist. No. 4, Libby (1994), 264 Mont. 177, 870 P.2d 1351, is controlling. However, having paid deference to stare decisis, I must note that I fail to follow the logic of Gabriel. I agree with Justice Weber’s dissent in Gabriel in which he reasons that if you have two causes of action, one in which venue is appropriate in county A and the other in which venue is appropriate in counties A or B, the logical venue is the county which is appropriate for both causes of action, i.e., county A. See Gabriel, 870 P.2d at 1354 (Weber, J. dissenting). In the present case, Rosebud County would be proper venue for both the wrongful death action and the survivorship while Yellowstone Comity is appropriate only for the wrongful death action.
Section 25-2-116, MCA, clearly provides that when an action involves two or more claims, and when the law designates more than one place as a proper place of trial, “a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action ...” Since defendants would be entitled to change of venue on the survivorship claim standing alone, they are entitled to a change of venue on both claims. The Court however, relying on the Evidence Commission’s recommendation, reasons that § 25-2-116, MCA, only has application when a plaintiff has added a spurious claim in order to control venue. Since the law requires that a wrongful death claim and a survivorship claim be combined in one suit, the Court concludes that “[t]he evil which § 25-2-116, MCA, seeks to address simply is not present in these sorts of cases.”
The intent behind § 25-2-116, MCA, may have been aimed at the “evil” of spurious claims. However, that intent was not incorporated *24 into the statute. The plain wording of the statute clearly applies to any suit involving “two or more claims.” It does not say “two or more claims, one of which is spurious.” If the intent of the legislature can be determined from the plain meaning of the words used, the Court may not go further and apply other means of construction. Wunderlich v. Lumbermens Mut. Cas. Co. (1995), 270 Mont. 404, 410, 892 P.2d 563, 567. Given that the wording of the statute is clear and not subject to differing interpretations, there is no call to resort to legislative history. In my view, the statute clearly requires a change of venue to Rosebud County. That interpretation, however, was rejected in the Gabriel decision.