# Third District Court of Appeal

## State of Florida

Opinion filed July 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0112
Lower Tribunal No. 20-24252
_____

**Omega Insurance Company, et al.,**
Appellants,

vs.

**MSP Recovery Claims, Series LLC, et al.,**
Appellees.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Rumberger, Kirk & Caldwell, P.A., Nicole Sieb Smith, Jeffrey J. Grosholz (Tallahassee), and Samantha Duke (Orlando), for appellants.

Armas Bertran Zincone, J. Alfredo Armas, MSP Recovery Law Firm, and Ryan H. Susman, for appellees.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

PER CURIAM.

Affirmed.  See § 47.011, Fla. Stat. (2020) ("Actions shall be brought only in the county where . . . the cause of action accrued . . . ."); § 47.051, Fla. Stat. ("Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business[ or] where the cause of action accrued . . . ."); see also Gaboury v. Flagler Hosp., Inc., 316 So. 2d 642, 645 (Fla. 4th DCA 1975) ("The granting or refusal of the application for change of venue is within the sound discretion of the trial court and will not be disturbed upon review absent a demonstration of a palpable abuse or grossly improvident exercise of discretion."); E.J. Sales & Serv., Inc. v. S.E. First Nat'l Bank of Mia., 415 So. 2d 906, 907 (Fla. 3d DCA 1982) ("Under [section 47.051], a cause of action is deemed to accrue 'where the act creating the right to bring an action occurred.'") (quoting Gaboury, 316 So. 2d at 644).