No. 96-334

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

JEAN WENTZ,

       Plaintiff and Respondent,

  vs.

MONTANA POWER COMPANY, NORTH AMERICAN
ENERGY SERVICES, ROSEBUD COUNTY, COLSTRIP
MEDICAL CLINIC, WILLIAM C. ANDERSON, M.D.,
CAROL LANDS, P.A. AND JOHN DOE I through
JOHN DOE IV,

       Defendants and Appellants.

**FILED**

NOV 26 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Thomas M. Monaghan, Lucas & Monaghan, Miles City,
Montana (Dr. Anderson); Steven J. Harman, Tiffany B.
Lonnevik, Brown, Gerbase, Cebull, Fulton, Harman &
Ross, Billings, Montana (Colstrip Medical Clinic &
Carol Lands); James D. Walen, Stacey & Walen,
Billings, Montana (Rosebud County)

      For Respondent:

          L. Randall Bishop, Jarussi & Bishop, Billings,
Montana

                Submitted on Briefs: November 14, 1996

                         Decided: November 26, 1996

Filed:

                       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, denying motions for change of venue filed by certain of the defendants. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1995, Jean Wentz (Jean), plaintiff in the underlying action, filed her complaint in the Thirteenth Judicial District Court, Yellowstone County, alleging that on April 15, 1992, Gerald Wentz (Gerald) suffered a heart attack while on the job performing a welding test for North American Energy Services on the premises of Montana Power Company.

According to Jean's complaint, Gerald was initially transported to the Colstrip Clinic (the Clinic) for treatment. She alleges that he was then transferred from the Clinic back into the Rosebud County EMS ambulance for transportation to Rosebud County Hospital in Forsyth for treatment that was unavailable at the Clinic. That trip was aborted, however, because of Gerald's deteriorating condition, and he was returned to the Clinic.

Jean states that St. Vincent Hospital and Health Center in Billings, Yellowstone County, Montana (St. Vincent) was then contacted, and that its HELP helicopter was dispatched to the Clinic. Gerald was treated by the St. Vincent's flight team, but was pronounced dead shortly after his arrival at St. Vincent. Jean alleges that negligent medical treatment by the Clinic and defendants Rosebud County, William C. Anderson, M.D. (Dr. Anderson) and Carol Lands, P.A. (Lands) reduced Gerald's chances for survival

2

and caused his death on April 15, 1992.

Jean's complaint, filed in one count, claims damages of the type recoverable in a survivorship cause of action under § 27-1-501, MCA, and in a wrongful death action under § 27-1-513, MCA.

Dr. Anderson and Lands are residents of Rosebud County; the Clinic is located in Rosebud County; and Rosebud County operated the EMS ambulance that transported Gerald to, from and then back to the Clinic. Those defendants filed motions requesting that venue be changed to Rosebud County arguing that Yellowstone County was not a proper place for the trial of Jean's suit. The District Court ruled that Jean had filed her complaint in a proper county and denied defendants' motions. This appeal followed.

DISCUSSION

While each of the appellants and Jean frame the questions to be resolved in this appeal somewhat differently, the basic issue is whether the District Court erred in denying the requested change of venue on the facts of this case.

Whether a county is a proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. State v. Pegasus Gold Corp. (1995), 270 Mont. 32, 35, 889 P.2d 1197, 1199 (citing Minervino v. University of Montana (1993), 258 Mont. 493, 497, 853 P.2d 1242, 1245). Thus, our review of the trial court's grant or denial of a motion for change of venue is plenary; we simply determine whether the court's ruling was legally correct. Pegasus, 889 P.2d at 1199 (citing Carter v. Nye (1994), 266 Mont. 226, 228, 879 P.2d 729, 730). See also Gabriel v. School

3

Dist. No. 4, Libby (1994), 264 Mont. 177, 179, 870 P.2d 1351, 1352;

Emery v. Federated Foods, Inc. (1993), 262 Mont. 83, 87, 863 P.2d

426, 429.

In the instant case, noting that § 27-1-501, MCA, requires

that survivorship and wrongful death actions be combined in one

legal action, the District Court relied primarily on our decision

in Gabriel in rejecting appellants' motions.

Dr. Anderson and, by adopting his arguments, Rosebud County,

the Clinic and Lands, contend that Gabriel is not dispositive of

the issue in this case. They base their arguments primarily on

their interpretation of §§ 25-2-122 and 25-2-126, MCA. Section 25-

2-122, MCA, provides in pertinent part:

> **Torts.** (1) Except as provided in subsection (2),
> the proper place of trial for a tort action is:
>         (a) the county in which the defendants, or any
> of them, reside at the commencement of the action; or
>         (b) the county where the tort was committed. . . .

Section 25-2-126, MCA, provides in pertinent part:

> (2) The proper place of trial for an action against
> a county is that county unless such action is brought by
> a county, in which case any county not a party thereto is
> also a proper place of trial.
>         (3) The proper place of trial for an action against
> a political subdivision is in the county in which the
> claim arose or in any county where the political
> subdivision is located.

Before addressing those arguments, however, it is necessary

that we discuss our decision in Gabriel. In Gabriel, decedent was

injured and his survivorship action arose in Lincoln County when he

fell from a roof while working on a construction project for a

school district. His resulting death, however, occurred in

Flathead County where he was taken for medical treatment.

4

Plaintiff sued the school district in Flathead County premising venue on § 25-2-126(3), MCA, (a suit against a political subdivision is proper in the county where the claim arose or where the political subdivision is located). Gabriel, 870 P.2d at 1352.

We agreed. We relied on Carroll v. W.R. Grace & Co. (1992), 252 Mont. 485, 830 P.2d 1253, in concluding that since death is the critical and final element in the accrual of a wrongful death action, a wrongful death claim arises for venue purposes where the death occurs. Gabriel, 870 P.2d at 1352. Moreover, we determined that because § 27-1-501(2), MCA, requires that survivorship and wrongful death actions be combined in one legal action and that because, as to this combined action, venue would properly lie either where the survivorship claim or the wrongful death claim arose, plaintiff's choice of a proper venue as to the wrongful death action--the county where death occurred--precluded a successful motion for change of venue to the county where the survivorship action arose. Gabriel, 870 P.2d at 1353 (citing Petersen v. Tucker (1987), 228 Mont. 393, 396, 742 P.2d 483, 484-85). See also § 25-2-115, MCA.

Notwithstanding, on appeal, Dr. Anderson attempts to distinguish Gabriel in arguing that our decision in that case should not be followed. He contends Gabriel is of limited precedential value because that case involved a school district (a political subdivision) and a venue determination under § 25-2-126(3), MCA, which pertains to political subdivisions. Dr. Anderson maintains, that, to the contrary, no named defendant in

5

the instant case is a "political subdivision" (we will address this contention later in this opinion). Rather, he contends (and Rosebud County agrees) that the place of trial in this case is controlled by § 25-2-126(2), MCA, which provides specifically that in an action brought against a county--here Rosebud County--venue lies in that county. Moreover, Dr. Anderson contends that, except for Rosebud County, all of the other defendants are "private citizens" and, therefore, come under the general venue statute dealing with torts, § 25-2-122, MCA, instead of § 25-2-126(3), MCA, dealing with political subdivisions.

In this regard, and while his argument is somewhat difficult to follow, it appears to be Dr. Anderson's position that since the school district in Gabriel was a "political subdivision," § 25-2-126(3), MCA, by its language, specifically provided for venue where the claim "arose." However, since none of the defendants are "political subdivisions" then the County is entitled to be sued in Rosebud County under § 25-2-126(2), MCA, and all defendants are entitled to be sued in Rosebud County where the tortious acts were "committed" under § 25-2-122(1)(b), MCA. Relying on Howard v. Dooner Laboratories, Inc. (1984), 211 Mont. 312, 688 P.2d 279, Dr. Anderson contends that a tort is "committed" (as opposed to when it "arises") where all negligent acts take place. Thus, reasons Dr. Anderson, since all the alleged negligent acts of which Jean complains took place in Rosebud County, the tort of wrongful death was "committed" there. According to Dr. Anderson, determining when the wrongful death action accrues does not address itself to the

6

legal issue of where that tort is "committed" for purposes of analyzing a case in which the general tort venue statute applies as opposed to a venue statute that speaks in terms of where the claim "arises."

We are not persuaded by Dr. Anderson's argument. In fact, we rejected a similar argument in <u>Gabriel</u> , wherein we stated:

> Nor is the School District's reliance on Howard v. Dooner Laboratories, Inc. (1984), 211 Mont. 312, 688 P.2d 279, well placed. <u>Howard</u> involved application of the general tort statute providing for venue in the county where the tort "was committed" to a situation involving medical malpractice. Addressing the word "committed," we determined that the tort occurred where the medical negligence took place. <u>Howard</u>, 688 P.2d at 282. <u>Howard</u> did not address either a post-<u>Carroll</u> wrongful death claim or the specific language contained in § 25-2-126, MCA.

<u>Gabriel</u>, 870 P.2d at 1353.

While § 25-2-126(3), MCA, and § 25-2-122(1)(b), MCA, are not consistent in the language used, the point is that the statutory cause of action for the tort of wrongful death cannot come into existence until death occurs. <u>Carroll</u>, 830 P.2d at 1254-55. Thus, it necessarily follows that the tort of wrongful death cannot "arise," "accrue" or be "committed" until the critical and defining element of this claim--death--occurs. <u>Gabriel</u>, 870 P.2d at 1352. The location where death occurs is determinative for venue purposes of where the tort of wrongful death· "arises," "accrues" or is "committed." In this case, it is undisputed that Gerald died in Yellowstone County. Accordingly, it is equally clear that the tort of wrongful death for which Jean has filed suit arose, accrued and was committed in that County.

7

Likewise, we find no merit in Dr. Anderson's and the County's argument that § 25-2-126(2), MCA, rather than § 25-2-126(3), MCA, applies to Rosebud County. Without question, these two subparagraphs of the statute are contradictory. However, we addressed this problem over a decade ago and resolved this issue in Spencer v. Flathead County (1984), 212 Mont. 399, 687 P.2d 1390.

In Spencer the plaintiff filed an action against Flathead County and the State in Lincoln County alleging wrongful arrest and invasion of privacy in Lincoln County on a Flathead County warrant. The defendants moved to change venue to Flathead County on the basis that § 25-2-106, MCA, controlled the venue of actions brought by nongovernmental entities against counties and established venue exclusively where the county being sued is located. Spencer, 687 P.2d at 1391. Section 25-2-106, MCA, was adopted in 1877.

We noted, however, that § 2-9-312(2), MCA, adopted in 1973, established venue in actions brought by nongovernmental entities against counties in either the county where the cause of action arose or where the county being sued is located. Citing Hutchinson v. Moran (1983), 207 Mont. 330, 673 P.2d 818, we stated:

> [T]he authority of a private entity to sue a county now exists solely by virtue of 1972 Mont. Const., Art. II, § 18, and the venue of such actions is determined by the more recently enacted section 2-9-312(2), MCA.
>
> . . .
>
> Counties are specifically included within the definition of a "political subdivision" by section 2-9-101(5), MCA.
> In suits brought by private entities against counties, the new venue statute, section 2-9-312(2), MCA, supersedes the venue provision contained in section 25-2-106, MCA, and exclusively determines the venue of such

8

actions.

Spencer, 687 P.2d at 1391-92.

In 1985, the Code Commissioner renumbered and combined various venue statutes. Section 2-9-312, MCA, became § 25-2-126, MCA, and subparagraphs (1) and (2), of the former § 2-9-312, MCA, became subparagraphs (1) and (3) of § 25-2-126, MCA, respectively. Unfortunately, § 25-2-106, MCA, became § 25-2-126(2), MCA. Thus, while it appears from the present arrangement of §§ 25-2-126(2) and (3), MCA, that the legislature intended to treat counties as something other than what they are expressly defined to be under § 2-9-101(5), MCA--i.e., political subdivisions--such a conclusion is erroneous and derives solely from legislative oversight in failing to repeal § 25-2-106, MCA, (now § 25-2-126(2), MCA) when § 2-9-312, MCA, (now § 25-2-126, MCA) was enacted and the Code Commissioner's combining and renumbering the statutes. Section 25-2-126(2), MCA, was and remains superseded by § 25-2-126(3), MCA. Spencer, 687 P.2d at 1391-92.

Dr. Anderson's and Rosebud County's arguments to the contrary are without merit; Rosebud County is a political subdivision and is subject to the venue provisions of § 25-2-126(3), MCA, in the same manner that the school district was in Gabriel. Rosebud County may be sued in Yellowstone County since Jean's claim of wrongful death against Rosebud County arose in Yellowstone County, where Gerald died.

Finally, the Clinic and Lands argue that even though § 27-1-501(2), MCA, requires that wrongful death and survivorship claims

be combined for purposes of suit, each cause of action remains unique with a separate existence and with distinct attributes. See, Swanson v. Champion Intern. Corp. (1982), 197 Mont. 509, 646 P.2d 1166. Consequently, according to the Clinic and Lands, § 25-2-116, MCA, requires that the court ascertain whether plaintiff selected a proper venue as to both her claims, and if the county selected is proper as to one, but not both, any defendant is entitled to a change of venue which is proper for both claims.

Section 25-2-116, MCA, provides:

**Multiple claims.** In an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.

While the Clinic and Lands concede that venue for Jean's wrongful death claim may appropriately lie in Yellowstone County, they argue that Yellowstone County is not a proper place for the trial of Gerald's estate's survivorship claim since the alleged negligent acts complained of all took place in Rosebud County. The Clinic and Lands conclude that since Jean selected an improper venue as to the survivorship claim, she waived the right to choose the place of trial leaving it to any defendant to select venue from among proper counties. Moreover, since the survivorship claim requires a change of venue, § 25-2-116, MCA, allows venue to be changed to Rosebud County for the wrongful death claim as well. We disagree.

Section 25-2-116, MCA, was enacted in 1985. 1985 Mont. Laws

10

432. The Evidence Commission's recommendation for the adoption of this section of the Montana Code states that it is a codification of this Court's holdings involving venue changes in multiple claim cases. According to the Evidence Commission,

> The Court feels the rule is necessary to prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity, but are triable in the forum the plaintiff chooses rather than at the normal situs which would be the defendant's residence or another location more favorable to the defendant.

Without determining the sorts of cases to which § 25-2-116, MCA, might apply, we conclude that since § 27-1-501(2), MCA, specifically mandates that wrongful death and survivorship actions be combined in one legal action, there is little likelihood that one such claim or the other would be added spuriously by the plaintiff simply to defeat a venue favorable to the defendant. The evil which § 25-2-116, MCA, seeks to address simply is not present in these sorts of cases.

Furthermore, our decision in Gabriel addressed and rejected essentially this same argument. In that case we agreed that Gabriel could have sued the school district for wrongful death and survivorship in either Lincoln County or Flathead County, as both were proper places for trial. Gabriel, 870 P.2d at 1352.

However, also recognizing that under § 27-1-501(2), MCA, wrongful death and survivorship actions must be combined in one legal action, we rejected the same argument that the Clinic and Lands present here:

> Nor does the School District's argument that venue for the survivorship claim is in Lincoln County -- where the alleged tortious conduct was committed and the claim

11

arose -- advance its cause. It is well-established that venue may be appropriate in more than one place and that, in such an event, filing in a proper venue precludes a successful change of venue motion. Petersen, 742 P.2d at 484.

Gabriel, 870 P.2d at 1353.

Given that the nature of the evil sought to be addressed by § 25-2-116, MCA, is not present here; given that § 27-1-501(2), MCA, mandates that the plaintiff file a wrongful death and survivorship action in one combined legal action; and given our decision in Gabriel, that a proper venue for such a combined action can be determined on the basis of either the survivorship action or the wrongful death action if a proper venue for each cause of action is different, we conclude that the trial court did not err in refusing to apply § 25-2-116, MCA, in the instant case.

Venue for Jean's wrongful death action is properly in Yellowstone County because that is where Gerald died and where the cause of action, thus, arose. That her wrongful death action combined with the survivorship action could have also been brought in Rosebud County because the survivorship action arose there does not render Yellowstone County an improper place for trial for both.

> If. . . more than one county [is designated] as a proper place of trial for any action, an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county under 25-2-201(1).

Section 25-2-115, MCA.

We hold that the District Court properly denied appellants' motions for change of venue. Affirmed.

_____
Justice

12

We Concur:

_____
Chief Justice

_____

_____
Justices

13

Justice W. William Leaphart, specially concurring.

I concur in the result reached by the Court because I agree that our decision in Gabriel v. School Dist. No. 4, Libby (1994), 264 Mont. 177, 870 P.2d 1351, is controlling. However, having paid deference to *stare decisis*, I must note that I fail to follow the logic of Gabriel. I agree with Justice Weber's dissent in Gabriel in which he reasons that if you have two causes of action, one in which venue is appropriate in county A and the other in which venue is appropriate in counties A or B, the logical venue is the county which is appropriate for both causes of action, i.e., county A. See Gabriel, 870 P.2d at 1354 (Weber, J. dissenting). In the present case, Rosebud County would be proper venue for both the wrongful death action and the survivorship while Yellowstone County is appropriate only for the wrongful death action.

Section 25-2-116, MCA, clearly provides that when an action involves two or more claims, and when the law designates more than one place as a proper place of trial, "a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action . . . . " Since defendants would be entitled to change of venue on the survivorship claim standing alone, they are entitled to a change of venue on both claims. The Court however, relying on the Evidence Commission's recommendation, reasons that § 25-2-116, MCA, only has application when a plaintiff has added a spurious claim in order to control venue. Since the law requires that a wrongful death claim and a survivorship claim be combined in one suit, the Court concludes that "[t]he evil which

14

§ 25-2-116, MCA, seeks to address simply is not present in these sorts of cases."

The intent behind § 25-2-116, MCA, may have been aimed at the "evil" of spurious claims. However, that intent was not incorporated into the statute. The plain wording of the statute clearly applies to any suit involving "two or more claims." It does not say "two or more claims, one of which is spurious." If the intent of the legislature can be determined from the plain meaning of the words used, the Court may not go further and apply other means of construction. Wunderlich v. Lumbermens Mut. Cas. Co. (1995), 270 Mont. 404, 410, 892 P.2d 563, 567. Given that the wording of the statute is clear and not subject to differing interpretations, there is no call to resort to legislative history. In my view, the statute clearly requires a change of venue to Rosebud County. That interpretation, however, was rejected in the Gabriel decision.

_W. William Leaphart_
Justice

15