No. 96-336

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

ROBERT W. LUDWIG, JEANNE M. LUDWIG,
GARY G. GUNDERSON, KAREN L. GUNDERSON,
CRAIG AMBROSE, CONNIE JO AMBROSE,
JON E. ENDERSEN, LORIE R. ENDERSEN,
MARIE HEITMAN, and BERYL ESHOM,

        Plaintiffs and Appellants,

v.

ROBERT SPOKLIE,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Stephen C. Berg; Warden, Christiansen,
                Johnson & Berg; Kalispell, Montana

        For Respondent:

                Douglas Wold; Wold Law Firm;
                Polson, Montana

FILED

DEC 19 1996

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  December 5, 1996

Decided:  December 19, 1996

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellants, Robert W. Ludwig, et. al., filed an action against the respondent, Robert Spoklie, in the District Court for the Eleventh Judicial District in Flathead County, to enjoin Spoklie from developing and using a reserved easement for access which burdens their property. The District Court determined that Ludwigs do not have standing to bring an action to enjoin Spoklie from developing and using his easement, and dismissed the action. Ludwigs appeal the judgment of the District Court. We affirm the District Court.

The dispositive issue on appeal is whether the District Court erred when it determined that Ludwigs do not have standing to bring an action to enjoin Spoklie from developing and using his easement.

## FACTUAL BACKGROUND

Ludwigs own property which is subject to two valid easements of record. The first is a two-hundred-foot-wide transmission line easement which was granted to the Bonneville Power Administration in 1947. The second is a sixty-foot-wide easement for road and utility purposes. It is located within the boundaries of the BPA's easement, and was expressly reserved by Brian and Caroline Yarbrough in 1977. The BPA's transmission line easement is senior in both time and entitlement to the Yarbroughs' reserved easement.

Spoklie sought to purchase the Yarbroughs' property. A valid conveyance of the real property would also convey "all easements attached" to the property. Section 70-20-308, MCA. In anticipation

2

of that acquisition, he began using and developing the road located within the boundaries of the reserved sixty-foot road and utility easement.

In response, Ludwigs petitioned the District Court for injunctive relief. In November 1992, they obtained a temporary restraining order and, on December 18, 1992, the District Court entered a preliminary injunction which enjoined Spoklie from

> constructing, improving, repairing or otherwise doing any work upon or traveling upon or allowing any traveling upon his purported existing road upon the westerly most aspect of the property of the Plaintiffs herein.

Subsequently, Spoklie acquired the Yarbroughs' property and the sixty-foot road and utility easement attached to it. He also obtained, from the BPA, a Land Use Agreement in which the BPA recognizes his right to use the land over which it holds senior easement rights. The Agreement also establishes conditions with which Spoklie must comply when he uses and develops his junior easement. Relevant to this appeal is the following provision:

> PLEASE NOTE: BPA is not the owner of this property and if you are not the owner, you must obtain the owners' permission to use this property. There may <u>also</u> be other uses of the property which might be located within the same area as your project. <u>This agreement is subject to those other rights</u>.

Following a series of motions, a pretrial conference was held on February 2, 1996. Both parties stipulated that the only remaining issues regarding Ludwigs' petition for a permanent injunction were issues of law, and that the District Court could decide those issues without a trial.

3

On February 13, 1996, the District Court ordered that Ludwigs "do not have standing to restrict [Spoklie's] use of his easement on the basis of the Land Use Agreement dated November 23, 1993." Accordingly, it dismissed Ludwigs' action.

Ludwigs subsequently filed a motion for new trial, reconsideration, or relief from order. On April 18, 1996, the District Court denied Ludwigs' motion; and on May 14, 1996, the District Court dissolved the preliminary injunction which it had previously entered on December 18, 1992.

## DISCUSSION

The dispositive issue on appeal is whether the District Court erred when it determined that Ludwigs do not have standing to bring an action to enjoin Spoklie from developing and using his easement.

When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

The District Court determined that Ludwigs are not intended third-party beneficiaries of the Agreement between Spoklie and the BPA and that, therefore, they do not have standing to bring an action to enforce its provisions. On that basis, the District Court dismissed Ludwigs' petition for injunctive relief.

On appeal, Ludwigs contend that the District Court erred when it determined that they do not have standing to bring an action to enjoin Spoklie from using and developing his easement. They

4

maintain that, as intended third-party beneficiaries of the Agreement between Spoklie and the BPA, they have standing to bring an action to enforce its terms. Specifically, they seek to enforce the following provision:

> PLEASE NOTE: BPA is not the owner of this property and if you are not the owner, you must obtain the owners' permission to use this property. There may <u>also</u> be other uses of the property which might be located within the same area as your project. <u>This agreement is subject to those other rights</u>.

Ludwigs assert that, because Spoklie did not obtain their permission to use their property, he failed to comply with the express terms of the Agreement. Therefore, they claim that, pursuant to the Agreement, they are entitled to bring an action to enjoin Spoklie from developing and using his easement.

In *Harman v. MIA Service Contracts* (1993), 260 Mont. 67, 858 P.2d 19, we adopted the following definition of an intended beneficiary:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> . . . .
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Harman*, 260 Mont. at 72, 858 P.2d at 22-23 (citing Restatement (Second) of Contracts § 302 (1981)).

Therefore, in order to establish the existence of a contract for the benefit of a third party, it must be shown that it was the intention of the contracting parties to benefit the third party.

5

*See, e.g., R.H. Grover, Inc. v. Flynn Ins. Co.* (1989), 238 Mont. 278, 284, 777 P.2d 338, 342.

The relevant provision of the Agreement states that, "[the] BPA is not the owner of this property and if you are not the owner, you must obtain the owners' permission to use this property." We conclude that this provision merely acknowledges the limits on the BPA's authority to consent to the use and development of land that is owned by Ludwigs, and that it is not intended to benefit Ludwigs by taking away rights derived from some other source.

The BPA and Spoklie both have easements to use the same property for different purposes. Although the BPA's easement was first in time and is, therefore, the senior easement, it is a nonexclusive easement and additional easements, such as Spoklie's, can lawfully be created on the same land. 25 Am. Jur. 2d *Easements and Licenses* § 89 (1966). Therefore, Spoklie, as the holder of a valid reserved and recorded easement, is entitled to use and develop his easement without being required to obtain Ludwigs' permission.

As the holder of the senior easement, the BPA has the right to object to and preclude any use of a junior easement which unreasonably interferes with its senior easement. *See Gabriel v. Wood* (1993), 261 Mont. 170, 176, 862 P.2d 42, 45. In fact, the BPA could bring an action to enforce the terms of the Agreement if Spoklie, through the use and development of his junior easement, unreasonably interfered with the BPA's senior easement. However, while the Agreement may bear upon the question of what constitutes

6

unreasonable interference with the BPA's senior easement, it does not give Ludwigs standing to enforce the specific terms and conditions contained within it.

Ludwigs are the owners of the servient tenement, and their interests are subordinate to the interests of both Spoklie and the BPA. Their only cause of action against Spoklie regarding the use of his easement would have to be based on the terms of the easement grant. It is undisputed, however, that Spoklie holds a valid reserved and recorded easement for road and utility purposes; therefore, he has an actual interest in the land. *Kuhlman v. Rivera* (1985), 216 Mont. 353, 358, 701 P.2d 982, 985.

When Spoklie acquired the dominant tenement, he also acquired the reserved easement that is attached to it. Therefore, at the time the Agreement with the BPA was entered into, Spoklie did, in fact, have the "owners' permission to use the property." He is not required to obtain Ludwigs' permission to do what he is already legally entitled to do--in this case, use and develop his valid reserved and recorded easement.

In sum, the Agreement cautioned Spoklie to make sure that, before he took any action, he had the legal right to use the underlying property. It put him on notice that he would need to obtain the owners' permission if he did not already own either the property or the legal right to use it. Spoklie, pursuant to his valid easement, owns the legal right to use the underlying property, and the relevant provision in the Agreement does not,

7

therefore, provide Ludwigs with standing to bring an action to terminate or restrict his easement rights.

We conclude that Ludwigs are not intended third-party beneficiaries of the Land Use Agreement between Spoklie and the BPA. Accordingly, we hold that the District Court did not err when it held that Ludwigs do not have standing to bring an action to enjoin Spoklie from developing and using his easement.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8