No. 01-856

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 310N

ALLISON CHAPMAN,

        Plaintiff and Appellant,

     v.

STATE OF MONTANA, CHOUTEAU COUNTY
SHERIFF'S DEPARTMENT, CHOUTEAU COUNTY
JUSTICE OF THE PEACE HELEN THORNTON,
CHOUTEAU COUNTY JUSTICE OF THE PEACE
SUSAN SPENCER,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and for the County of Cascade,
                  The Honorable Thomas M. McKittrick, Judge presiding.

                  District Court of the Twelfth Judicial District,
                  In and for the County of Chouteau,
                  The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Allison Chapman (pro se), Geraldine, Montana

        For Respondents:

                Hon. Mike McGrath, Attorney General; Pamela D. Bucy,
                Assistant Attorney General, Helena, Montana

                Allin H. Cheetham, Chouteau County Attorney, Fort Benton, Montana

                      Submitted on Briefs:  August 29, 2002
                              Decided:  December 13, 2002

Filed:

_____
                          Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result, to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, Allison Chapman, filed a complaint against the State of Montana, the Chouteau County Sheriff's Department, and two Chouteau County Justices of the Peace on February 15, 2001, in the Eighth Judicial District Court for Cascade County. She alleged that the Defendants' practice of imposing bail was unconstitutional. The State filed a motion to change venue and venue was changed to the Twelfth Judicial District Court for Chouteau County on March 26, 2001. On November 13, 2001, the Twelfth Judicial District Court dismissed Chapman's complaint and she appeals both the change of venue and the dismissal of her claim. We affirm the judgments of both District Courts.

¶3 Chapman raises two issues on appeal. We restate the issues as follows:

¶4 1. Did the Eighth Judicial District Court err when it ordered that venue be changed to the Twelfth Judicial District Court for Chouteau County?

¶5 2. Did the Twelfth Judicial District Court err when it dismissed Chapman's complaint based on lack of standing?

¶6   On May 22, 2000, Allison Chapman was arrested in Chouteau County by officer Vern Burdick of the Chouteau County Sheriff's Department for failing to provide proof of liability insurance, disorderly conduct and careless driving.  No bail was imposed by officer Burdick during Chapman's two hour detention at the sheriff's office. Neither did Justice of the Peace Helen Thornton impose bail and Chapman was released on her own recognizance.

¶7   On February 15, 2001, Chapman filed a complaint in the District Court for the Eighth Judicial District in Cascade County in which she named the State of Montana, the Chouteau County Sheriff's Department, Chouteau County Justice of the Peace Susan Spencer, and Chouteau County Justice of the Peace Helen Thornton as defendants.  The complaint asked that the court declare the Defendants' practice of demanding bail for non-jailable offenses pursuant to § 46-9-302, MCA, was unconstitutional and that § 46-9-302, MCA, violated her constitutional right to due process of law.  Although neither the JP court nor the Sheriff's Department imposed bail on Chapman, she argued that the events of May 22, 2000, were a "very close call" and required that the court declare that the Defendants' practice of bail imposition in her case, and similar cases, would be unconstitutional.

¶8   The Chouteau County Sheriff's Department, Justice of the Peace Thornton and Justice of the Peace Spencer were served with the complaint on February 21, 2001.  Chouteau County Attorney, Allin Cheetham, filed a motion to dismiss on behalf of the defendants. The motion was not supported with a brief and was denied without

4

consideration of the merits of Chapman's allegations.  Cheetham did not file a motion to change venue.

¶9    The State of Montana was served with Chapman's complaint through the Attorney General's office on March 6, 2001.  The State filed timely motions to change venue and to

dismiss Chapman's complaint on March 16, 2001. Both motions were supported by briefs. Judge McKittrick, of the Eighth Judicial District Court, granted the State's motion for a change of venue and ordered that venue be changed from the Eighth Judicial District Court to the Twelfth Judicial District Court.

¶10 Following the change of venue, Chapman filed a motion to substitute Twelfth Judicial District Court Judge John Warner because of alleged bias. Judge David Cybulski, judge for the Fifteenth Judicial District Court, accepted jurisdiction in place of Judge Warner. On November 13, 2001, Judge Cybulski granted the State's motion to dismiss for lack of standing and Chapman's failure to demonstrate how § 46-9-302, MCA, deprived any person of liberty without due process.

STANDARD OF REVIEW

¶11 The standard of review with regard to a district court's decision to change venue is whether the district court's conclusions of law are correct. *Wentz v. Montana Power Co.* (1996), 280 Mont. 14, 17, 928 P.2d 237, 238. This Court reviews a district court's decision regarding standing to determine whether the district court's conclusions of law are correct. *See Ludwig v. Spoklie* (1996), 280 Mont. 315, 318, 930 P.2d 56, 58.

DISCUSSION

ISSUE 1

¶12 Did the Eighth Judicial District Court err when it ordered that venue be changed to the Twelfth Judicial District Court for Chouteau County?

6

¶13 Chapman maintains that the Eighth Judicial District Court was precluded from considering the State's motion to change venue to the Twelfth Judicial District Court, because the State waived its right to change venue when it failed to request a change of venue in its first appearance.

¶14 A defendant is permitted to move for a change in venue when the plaintiff brings his or her action in an improper county. Section 25-2-114, MCA. M.R.Civ.P, Rule 12(b)(ii), provides that: "If the county designated in the complaint is not the proper county for trial of the action, the defendant must at the time of the defendant's first appearance request by motion that the trial be had in the proper county." The proper venue for a suit brought by a Montana resident against the State is the county where the plaintiff resides, the county where the claim arose, or Lewis and Clark County. Section 25-2-126(1), MCA. The proper venue for an action against a political subdivision is the county in which the claim arose or any county where the political subdivision is located. Section 25-2-126(2), MCA. When a plaintiff brings an action against multiple defendants, a county that is the proper venue for one defendant is proper for all of the defendants. Section 25-2-117, MCA. However, if an action against multiple defendants is not brought in the proper county, any of the named defendants may request that the court move the action to the proper venue. Section 25-2-117, MCA.

¶15 The Chouteau County Sheriff's Department, Justice of the Peace Thornton, and Justice of the Peace Spencer were all served by

7

Chapman on February 21, 2001, and appeared before the Eighth Judicial District Court on February 26, 2001, without raising an objection to venue. The State of Montana was not served until March 6, 2001. It made a timely first appearance on March 16, 2001, by filing a motion to dismiss and a motion to change venue, which were both supported by briefs. In support of its motion to change venue, the State correctly identified the proper venue for Chapman's action against the State to be the county where the claim arose, Chouteau County, the county where Chapman resided, Chouteau County, or Lewis and Clark County. It further contended that the proper venue for the remaining three defendants was the county in which the claim arose, Chouteau County, or the county where the political subdivision was located, Chouteau County. The State maintained that under no circumstances was Cascade County the proper place for trial and, therefore, a change of venue to Chouteau County was necessary.

¶16 The State of Montana complied with M.R.Civ.P, Rule 12(b)(ii), when it requested a change of venue to the proper county in its first appearance before the court on March 16, 2001. Furthermore, the State was permitted to move for a change of venue for the other defendants pursuant to § 25-2-117, MCA. We conclude the Eighth Judicial District Court was correct when it granted the State's motion for a change of venue and transferred Chapman's claim to the Twelfth Judicial District Court in Chouteau County.

ISSUE 2

¶17 Did the Twelfth Judicial District Court err when it dismissed Chapman's complaint based on lack of standing?

8

¶18 Chapman contends that she has standing to sue because she was arrested, held for two hours for offenses that are not normally jailable, and threatened with the imposition of bail. Chapman asserts she has standing to sue despite the fact that no bail was imposed in her case. She contends that because the State is capable of imposing illegal bail in the future, her claim is not moot pursuant to *Roe v. Wade* (1973), 410 U.S. 113, 93 S.Ct 705, 35 L.Ed.2d 147.

¶19 In *Roe v. Wade*, 410 U.S. at 124, 93 S.Ct at 712, the United States Supreme Court held that there was no doubt a case and controversy existed and Roe had standing to sue when she originally challenged Texas' abortion laws. However, due to the nature of a pregnancy and its gestation period, the injury Roe suffered when she brought her original suit, the inability to obtain a safe and legal abortion, no longer existed. *Roe*, 410 U.S. at 125, 93 S.Ct at 713. The Court found that Roe was capable of becoming pregnant again and that Texas law would prevent her from legally and safely obtaining an abortion in the future. *Roe*, 410 U.S. at 125, 93 S.Ct at 713. Therefore, the Court concluded that her case or controversy was capable of repetition, yet evading review, and was not moot even though she was not pregnant at the time. *Roe*, 410 U.S. at 125, 93 S.Ct at 713.

¶20 *Roe v. Wade* is not applicable to the present case. Neither the Sheriff's Department nor the Justice of the Peace required Chapman to post bail. Unlike Roe, who was injured by the Texas law, Chapman has suffered no injury. It is undisputed that she was released on her own recognizance on May 22, 2001, and no bail was

9

imposed. Therefore, we conclude that Chapman's reliance upon *Roe v. Wade* to establish standing in this case is misplaced. Furthermore, Chapman's argument is based on mootness, rather than standing. The District Court concluded she lacked standing; it did not conclude that her claim was moot. Consequently, based upon the issues and arguments raised on appeal, we conclude that the District Court did not err when it held that Chapman lacked standing.

¶21 We affirm both the order to change venue issued by the Eighth Judicial District Court and the order dismissing Chapman's complaint issued by the Twelfth Judicial District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE

10

Justice James C. Nelson dissents.

¶22  I dissent from the Court's decision on Issue 1.  I disagree that the State's motion to change venue was timely filed and I would reverse on the venue issue and remand to the Eighth Judicial District Court without reaching the standing issue, Issue 2.

¶23  The change of venue motion is improperly decided based on the record here.  After the three county defendants had been served, but prior to the State being served, the County Attorney appeared on behalf of all four defendants by filing a motion to dismiss.  Two grounds for dismissal were raised: (a) failure to state a claim and (b) immunity.  Clearly, in failing to seek a change of venue, this appearance waived improper venue as to the county defendants under Rule 12(b)(ii), M.R.Civ.P.

¶24  This appearance also waived the venue objection for the State, even though it had not been served, inasmuch as a voluntary general appearance by a defendant is a waiver of the issuance or service of the summons.  *Spencer v. Ukra* (1991), 246 Mont. 430, 433, 804 P.2d 380, 382.  There is no dispute that the County Attorney's motion was a general appearance.  *See Lords v. Newman* (1984), 212 Mont. 359, 361, 688 P.2d 290, 292; *Spencer,* 246 Mont. at 434-35, 804 P.2d at 383-84.  Under § 7-4-2716(3), MCA, the County Attorney must "defend all suits brought against the state." Therefore, the County Attorney was properly representing the State at the time he made his motion and general appearance and regardless of whether the Attorney General would have preferred, after the fact, that not be the case.

11

¶25 We have wrongly decided the venue issue. Chapman is entitled to have his standing motion ruled upon by the proper trial court.

¶26 I dissent.

/S/ JAMES C. NELSON

Justices Jim Regnier and W. William Leaphart join in the foregoing dissent.

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

12