No. 04-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 204

DML, INC., a Montana corporation, JUNGA
JUICE, INC., a South Dakota corporation,
DENNIS ROWE, d/b/a Junga Juice of Bozeman,
and MTAZ, LLC,

Plaintiffs and Appellants,

v.

KEVIN FULBRIGHT and CARI FULBRIGHT,
individually and as officers and directors of Junga
Juice, Inc., a Montana corporation and JUNGA
JUICE, INC., a Montana corporation,

Defendants and Respondents.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone, Cause No. DV 04-208,
                 The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Michael B. Anderson, Anderson & Liechty, P.C., Billings, Montana

        For Respondents:

                Robert C. Lukes, Garlington, Lohn & Robinson, PLLP, Missoula, Montana

                                Submitted on Briefs:  January 11, 2005

                                Decided:  August 23, 2005

Filed:

        _____
                        Clerk
Justice John Warner delivered the Opinion of the Court.

¶1 Three of the four original Plaintiffs appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, granting Defendants' motion to change venue. We affirm.

¶2 We address the following issue on appeal:

¶3 Did the District Court err when it granted Junga Juice/Fulbrights' motion for change of venue?

BACKGROUND

¶4 Junga Juice, Inc., a business that sells juice smoothies, was started in Missoula in the late 1990s by Kevin and Cari Fulbright and soon became successful. The three Defendants will be referred to as "Junga Juice/Fulbrights." Plaintiff DML, Inc., contracted with Junga Juice to open a franchise Junga Juice store in Billings. Plaintiffs Junga Juice, Inc., of South Dakota, which will be referred to as "South Dakota Junga Juice," and MTAZ, LLC, contracted with Defendants to open franchise stores in Rapid City, South Dakota, and Flagstaff, Arizona, respectively. Dennis Rowe, an original Plaintiff whose appeal was dismissed by stipulation of the parties, contracted to open a franchise in Bozeman.

¶5 The franchise agreement between DML and Junga Juice/Fulbrights provided that if DML initiated a court action against the Defendants for breach of the franchise agreement, DML could elect to initiate such proceedings in Yellowstone County. The franchise agreement between the now dismissed Plaintiff Rowe and Junga Juice/Fulbrights stated that venue of any action would be in Missoula County. The agreements with South Dakota Junga Juice and MTAZ provided that they may elect venue in Missoula County.

¶6 All the Plaintiffs joined in a suit against Junga Juice/Fulbrights which they filed in

Yellowstone County alleging negligent misrepresentation, deceit, rescission, declaratory relief, breach of contract, bad faith, interference with prospective economic advantage, and interference with contract. Junga Juice/Fulbrights moved for a change of venue to Missoula County and for separate trials on the claims of the several Plaintiffs. The District Court granted the motion to change venue of the entire action to Missoula County in the interest of judicial economy and further, because the claims were based in contract, the negotiations took place in Missoula County for three of the four Plaintiffs, and three of the four franchise agreements provided that venue was proper in Missoula. The District Court also allowed DML to file a motion to sever its claims and keep its action in Yellowstone County, should it so desire. Plaintiffs DML, South Dakota Junga Juice, and MTAZ appeal from this order.

STANDARD OF REVIEW

¶7      The determination of whether a county is the proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. *Nelson v. Cenex, Inc.*, 2004 MT 170, ¶ 5, 322 Mont. 54, ¶ 5, 97 P.3d 1073, ¶ 5 (citation omitted). Accordingly, our review of a district court's grant or denial of a motion for change of venue is plenary; we determine whether the court's ruling was legally correct. *Nelson*, ¶ 5 (citation omitted).

DISCUSSION

¶8      Did the District Court err when it granted Junga Juice/Fulbrights' motion for change of venue?

¶9      DML, South Dakota Junga Juice, and MTAZ assert that Yellowstone County is a proper venue for their combined claims and argue, pursuant to § 25-2-114, MCA, that a defendant's right to move for change of venue arises only when the action is brought in a

county not designated as a proper place of trial. They argue further that judicial economy is not served by changing the venue to Missoula.

¶10 Junga Juice/Fulbrights argue that while Yellowstone County may be a proper venue for DML, it is not a proper venue for South Dakota Junga Juice and MTAZ because they have no connection with Yellowstone County. They argue, pursuant to § 25-2-116, MCA, that they are entitled to a change of venue to Missoula, because for three out of the four original Plaintiffs, Missoula is the proper venue. They argue that judicial economy is served by having all claims tried in Missoula.

¶11 The general rule, contained in § 25-2-118, MCA, provides that the proper place of trial for civil actions is the county in which the defendant resides. Section 25-2-122(1)(b), MCA, provides that venue for tort claims or interrelated claims of tort and breach of contract may be brought in any county where the tort was committed, or where the contract was to be performed. If venue is proper in more than one county, an action brought in any proper county determines the venue. Section 25-2-115, MCA.

¶12 Section 25-2-116, MCA, provides:

> In an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.

¶13 Here, one of the four contracts was to be performed in Yellowstone County and the other three were to be performed in other counties. Further, Junga Juice/Fulbrights reside in Missoula and their business office is located in Missoula. Thus, Missoula County is an appropriate venue for all parties. In this case, DML, South Dakota Junga Juice, and MTAZ

4

chose to join together in an action against Junga Juice/Fulbrights, but chose a venue that was improper for three out of the four original Plaintiffs.

¶14    DML, South Dakota Junga Juice, and MTAZ assert that § 25-2-116, MCA, does not apply and cite *Liang v. Lai*, 2004 MT 188, 322 Mont. 199, 94 P.3d 759, and *Wentz v. Montana Power Co*. (1996), 280 Mont. 14, 928 P.2d 237, in support of their argument. These cases are inapposite.

¶15    In *Liang*, we determined that § 25-2-116, MCA, did not apply because the defendant was not entitled to a change of venue of any claim. *Liang*, ¶ 19.  Here, however, Defendants are entitled to a change of place of trial on three of the four claims.  In *Wentz*, our holding that § 25-2-116, MCA, did not apply was based on § 27-1-501(2), MCA, which mandates wrongful death and survivorship actions be combined in one legal action.  Thus, in that instance, venue was proper in more than one place on both claims.  We went on to state that we were not commenting on "the sorts of cases to which § 25-2-116, MCA, might apply." *Wentz*, 280 Mont. at 22, 928 P.2d at 241-42.

¶16    By the words of § 25-2-116, MCA, "a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action."  This statute contemplates a multiple claim situation in which the county where the plaintiff files is proper for one claim but not for one or more of the others.  As recognized by the Evidence Commission Comments to § 25-2-116, MCA, this Court has ruled consistently that a defendant entitled to a change of venue on one claim should have it on the entire action. *See Yore v. Murphy* (1891), 10 Mont. 304, 25 P. 1039; *Heinecke v. Scott* (1933), 95 Mont. 200, 26 P.2d 167; *Beavers v. Rankin* (1963), 142 Mont. 570, 385 P.2d 640.  Here, Plaintiffs South

Dakota Junga Juice and MTAZ attempted to control venue by combining their claims with those of DML which, if allowed, would have the effect of choosing a place of trial other than at the normal situs which would be the Defendants' residence, or where the contracts in question specified, contrary to law. We conclude that under these circumstances, pursuant to § 25-2-116, MCA, Defendants are entitled to a change of venue to Missoula. Accordingly, the District Court did not err when it granted Junga Juice/Fulbrights' motion for change of venue to Missoula, and allowed DML to make a motion to sever its action so that, at DML's option, it could be tried in Yellowstone County, as provided in its contract.

¶17 As we have determined that the District Court was correct in granting the motion to change venue under § 25-2-116, MCA, it is not necessary to discuss DML's argument that judicial economy is not served by granting the motion.

¶18 The order of the District Court is affirmed.


/S/ JOHN WARNER


We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON


Chief Justice Karla M. Gray, specially concurring.


¶19 I generally concur in the Court's application of the venue statutes, notwithstanding the relative brevity of the discussion. I am not persuaded, however, that *Wentz* and *Liang*--

by their terms--are inapposite here, as the Court states in ¶ 14. Indeed, it is my view that we should revisit those cases.

¶20 In the late 1990s, the Fulbrights started a business selling fruit juice smoothies. They eventually created Junga Juice, a Montana corporation. The Fulbrights reside, and Junga Juice has its offices, in Missoula County. The Fulbrights/Junga Juice then began entering into franchise agreements with other entities whereby they licensed the company's trademark, drink formulas and names, and overall trade dress to franchisees in exchange for an initial franchise fee and payment of royalties. The four original plaintiffs in this case were Junga Juice franchisees. Rowe entered into a franchise agreement for a store located in Bozeman, Montana; he is not involved in this appeal. DML entered into two franchise agreements to operate two stores in Billings, Montana. MTAZ entered into a franchise agreement to operate a store in Flagstaff, Arizona. Finally, South Dakota Junga Juice entered into a franchise agreement to operate a store in Rapid City, South Dakota.

¶21 At some point, the franchisees became unhappy in their dealings with the Fulbrights/Junga Juice. Consequently, they filed a complaint against the Fulbrights/Junga Juice in the Thirteenth Judicial District Court, Yellowstone County, alleging misrepresentation, deceit, recission, breach of contract, common law bad faith, interference with prospective economic advantage and interference with contract. The Fulbrights/Junga Juice moved to change venue to Missoula County. They asserted that, while Yellowstone County may be a proper venue for the claims brought by DML, it was not proper venue for the claims of the other plaintiffs because the claims had no connections to Yellowstone County. The District Court granted the motion to change venue based on § 25-2-116, MCA.

7

¶22 A defendant may move for a change of venue when the county in which the action is brought is not designated as a proper place for trial, and a district court must grant such a motion when the county designated in the complaint is not the proper county. Sections 25-2-114 and -201(1), MCA. The general rule for venue in civil actions is that the proper place for trial "is the county in which the defendants or any of them reside at the commencement of the action." Section 25-2-118(1), MCA. The Fulbrights/Junga Juice reside (or are found) in Missoula County. Other venue statutes provide exceptions to the general venue rule for specific types of actions. Here, the complaint presents claims sounding in both contract and tort. Section 25-2-121(1)(b), MCA, provides that a proper place for trial of an action based on contract is the county in which the contract was to be performed. Section 25-2-122(1)(b), MCA, provides that a proper place for trial of a tort action is the county in which the tort was committed and, if the tort is interrelated with an action for breach of contract, the tort is committed in the county in which the contract was to be performed. Thus, in this case there are several proper places for trial: (1) Missoula County, where the Fulbrights/Junga Juice reside; and (2) the counties in which at least the Montana franchises were to be performed.

¶23 The parties do not dispute that Yellowstone County is a proper place for trial of the claims relating to the DML franchise agreements pursuant to §§ 25-2-121(1)(b) and -112 (1)(b), MCA, because the two DML agreements were to be performed in Billings, Yellowstone County, Montana. Nor do the parties dispute that the claims relating to the other franchise agreements have no nexus to Yellowstone County. Thus, the parties agree that Yellowstone County is <u>not</u> a statutorily-designated proper place for trial of the other franchisees' claims pursuant to their franchise agreements.

8

¶24 The franchisees argue that the District Court erred in changing venue from Yellowstone County to Missoula County because the Fulbrights/Junga Juice were not entitled to a change of venue. Section 25-2-115, MCA, on which the franchisees rely, provides that

> [i]f this part designates more than one county as a proper place of trial for any action, an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county under 25-2-201(1). If an action is brought in a county not designated as a proper place of trial, a defendant may move for a change of place of trial to any of the designated counties.

¶25 In response, the Fulbrights/Junga Juice contend that the District Court did not err in changing venue. They assert § 25-2-115, MCA, does not apply in this case and, instead, the District Court correctly relied on § 25-2-116, MCA, in determining that venue must be changed to Missoula County. Section 25-2-116, MCA, provides that

> [i]n an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.

¶26 In my view, the District Court properly relied on § 25-2-116, MCA, in changing venue to Missoula County, because § 25-2-115, MCA, does not preclude a change of venue under the facts of this case. At the outset, I observe that §§ 25-2-115 and -116, MCA, must be interpreted so that the statutes do not conflict with each other or one render the other meaningless. *See* §§ 1-2-101 and 1-3-232, MCA. To that end, I believe the § 25-2-115, MCA, prohibition on changing venue would apply in the following two situations. First, in all cases where an action consists of a single claim and the action is brought in a county that

9

is designated a proper place for trial (regardless of whether there are one or several proper counties), a motion for change of venue must be denied. Second, in cases where an action consists of two or more claims and, for any of the claims, the venue statutes designate more than one county as a proper place for trial, if the action is brought in a county which is designated a proper place for trial for each of the claims, then a motion for change of venue must be denied. Neither of these situations is present here.

¶27 Section 25-2-116, MCA, would apply in a third situation where (1) an action consists of multiple claims; (2) the venue statutes designate more than one proper place for trial for one or more claims; and (3) the action is brought in a county designated as proper for at least one of the claims, but not all of the claims. This is the situation in the present case. First, there are multiple claims (brought by multiple parties in this case). Second, the statutes provide for venue in more than one county--for example, DML's claims may be brought in either Yellowstone or Missoula County. Third, the action was brought in Yellowstone County, which is a proper place for trial of DML's claims, but is not a proper county for the claims relating to the other franchise agreements. Because the claims relating to the other franchisees were brought in a county not designated as a proper county for those claims, the Fulbrights/Junga Juice would be entitled to a change of venue on those claims to Missoula County, which is a proper place for trial. *See* § 25-2-114, MCA. As a result, under § 25-2-116, MCA, because the Fulbrights/Junga Juice are entitled to a change of venue for the other franchisees' claims, the Fulbrights/Junga Juice are entitled to a change of venue on the entire action, including the DML claims (subject only to the "separation of claims for trial," a matter not at issue here).

¶28 Based on the above somewhat lengthy interpretation and application of the venue statutes to the facts of this case, I agree with the Court's statutory interpretations as stated at the outset. However, it is my view that *Wentz* and *Liang* significantly cloud the picture. The franchisees rely on those cases in support of their contention that § 25-2-116, MCA, does not apply here because the Fulbrights/Junga Juice have never asserted that the franchisees combined spurious claims to manipulate venue.

¶29 In *Wentz*, the plaintiff brought an action against the defendants in Yellowstone County alleging the defendants committed various acts of medical negligence resulting in her husband's death and asserting wrongful death and survivorship claims. The defendants all resided, and the alleged negligent acts occurred, in Rosebud County. The husband eventually died in a hospital in Yellowstone County. The defendants moved for a change of venue to Rosebud County, which the district court denied. *Wentz*, 280 Mont. at 16, 928 P.2d at 238. On appeal, we first concluded that, as previously held in *Gabriel v. School Dist. No. 4, Libby* (1994), 264 Mont. 177, 180-81, 870 P.2d 1351, 1352-53, a wrongful death claim arises for venue purposes in the county in which the death occurs. Thus, a proper place for trial of the wrongful death claims in that case was Yellowstone County. *Wentz*, 280 Mont. at 18-19, 928 P.2d at 239-40. Furthermore, pursuant to Montana's remedies statutes--as interpreted in *Gabriel*--wrongful death and survivorship actions must be combined in one legal action and, where the two claims properly may be brought in different counties, the plaintiff's choice of venue as to the wrongful death action precludes a successful motion to change venue to the county where the survivorship action arose. *Wentz*, 280 Mont. at 18, 928 P.2d at 239.

11

¶30 We then proceeded to address the defendants' argument that they were entitled to a change of venue under § 25-2-116, MCA (*Wentz*, 280 Mont. at 21-22, 928 P.2d at 241-42), beginning with a discussion of the Evidence Commission's comments to § 25-2-116, MCA. The comments state that the statute is a codification of prior Montana case law involving venue changes in multiple claim cases. We also quoted that portion of the comments which states that § 25-2-116, MCA,

> is necessary to prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity, but are triable in the forum the plaintiff chooses rather than at the normal situs which would be the defendant's residence or another location more favorable to the defendant.

We then observed that, since a wrongful death claim and a survivorship claim must be combined in one action, there was little likelihood that a plaintiff would spuriously add one claim to another simply to defeat a venue favorable to the defendant and the evil § 25-2-116, MCA, seeks to address is not present in those sorts of cases. *Wentz*, 280 Mont. at 22, 928 P.2d at 241-42. Finally, observing we had addressed and rejected a similar argument in *Gabriel*, we concluded § 25-2-116, MCA, did not apply to the case. *Wentz*, 280 Mont. at 22, 928 P.2d at 242.

¶31 Tracing back to *Gabriel*, on which we relied heavily in *Wentz*, I note first that we did not address the impact of § 25-2-116, MCA, on venue in wrongful death/survivorship actions in *Gabriel*. Indeed, the statute is not even cited in the case. Thus, *Gabriel* was--and is--of no assistance in interpreting § 25-2-116, MCA. Second, I agree with Justice Leaphart's concurrence in *Wentz* that, although the intent behind § 25-2-116, MCA, may have been to preclude a plaintiff from manipulating venue by adding spurious claims, that intent is not

12

incorporated in the statute. *Wentz*, 280 Mont. at 23-24, 928 P.2d at 243 (Leaphart, J., concurring). The plain language of the statute reveals that it applies to any action involving two or more claims; no reference to spurious claims or attempts to manipulate venue exists. Moreover, as Justice Leaphart observed, where the intent of a statute may be determined from the plain meaning of the language used, this Court may not resort to legislative history or other means of construction such as the Commission's comments to the statute. *See Wentz*, 280 Mont. at 24, 928 P.2d at 243 (Leaphart, J., concurring). As a result, it is my view that *Wentz* incorrectly interpreted and applied § 25-2-116, MCA. Even taking the Evidence Commission's comments to § 25-2-116, MCA, into account, the Commission stated as follows:

> This new provision codifies the result of this unbroken line of opinions: Yore v. Murphy, 10 Mont. 304, 25 P. 1039 (1891); Heinecke v. Scott, 95 Mont. 200, 26 P.2d 167 (1933); Beavers v. Rankin, 142 Mont. 570, 385 P.2d 640 (1963). It makes no change in existing law, but simply enacts it into the Code where it is available.

(Emphasis added.) None of the three cases cited by the Commission held that the statute was limited in application to only those situations where a plaintiff was manipulating venue by adding spurious claims.

¶32     In *Liang*, the plaintiff had worked in two restaurants, one located in Flathead County and the other in Sanders County. The plaintiff filed an eleven-count complaint in Flathead County against the owners of the restaurants. Some of the counts related to alleged injuries the plaintiff suffered as a result of a slip and fall accident at the Flathead County restaurant; those counts alleged the owners negligently failed to maintain the premises. The remaining counts alleged various wage claims relating to his employment at both restaurants. *Liang*,

13

¶¶ 3 and 4. The district court granted the defendants' motion to change venue to Sanders County and the plaintiff appealed. We reversed. *Liang*, ¶ 1.

¶33 On appeal, the plaintiff argued that venue for the majority of the claims in the complaint was proper in Flathead County, although he did concede that proper venue for some claims was Sanders County. *Liang*, ¶ 8. He relied on *Wentz* in support of his argument that, where two or more claims are joined in a single action and venue for the claims is proper in different counties, the plaintiff may choose any county which is proper for any claim and the defendant is not entitled to a change of venue. *Liang*, ¶ 9. The defendants argued, in part, that they were entitled to a change of venue pursuant to § 25-2-116, MCA, because the only proper place for trial of the wage claims relating to the Sanders County restaurant was Sanders County. *Liang*, ¶ 18. We noted our previous discussion in *Wentz* that the statute was enacted to prevent plaintiffs from raising spurious claims as a means to deny a defendant a favorable venue, and determined that § 25-2-116, MCA, did not apply to the case because the record did not indicate--and the defendants did not allege--that the plaintiff was attempting to manipulate venue in such a manner. *Liang*, ¶ 19.

¶34 Because it is my view that *Wentz* incorrectly interpreted and applied § 25-2-116, MCA, I disagree with *Liang* to the extent it relies on that case. Furthermore, *Liang* fails to note the distinction between application of §§ 25-2-115 and -116, MCA, as discussed earlier.

¶35 In summary, applying a straightforward interpretation and application of the venue statutes to the facts of this case, I concur in the outcome the Court reaches in affirming the District Court's grant of the motion to change venue made by the Fulbrights/Junga Juice. I do not agree with the Court's discussion of *Wentz* and *Liang* or the substance of those

decisions.  I would overrule *Wentz* and *Liang*, at least in part, and clarify any remaining portions.

/S/ KARLA M. GRAY